*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GARY MICHAEL TRAVER,

Defendant-Appellant.

FOR PUBLICATION
May 23, 2019
9:05 a.m.

No. 325883
Mackinac Circuit Court
LC No. 2012-003474-FH

ON REMAND

Before: GLEICHER, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

This matter is once again before us, following a remand by the Supreme Court. *People v Traver*, 502 Mich 23; 917 NW2d 260 (2018) (*Traver II*). In the original appeal, this Court reversed defendant's convictions for assault with a dangerous weapon, MCL 750.82, and possession of a firearm during the commission of a felony, MCL 750.227b. *People v Traver*, 316 Mich App 588; 894 NW2d 89 (2016) (*Traver I*). The majority concluded that the trial court erred by providing the jury with only written instructions on the elements of the offenses without also reading the instructions to the jury, and that the written instructions were "hopelessly incorrect" with respect to the felony-firearm charge. *Id.* at 591-592. Judge SAWYER dissented, concluding that defendant waived any claimed error in the instructions by expressing satisfaction with the instructions. *Id.* at 603 (SAWYER, J., *dissenting*). Judge SAWYER also rejected defendant's claim of ineffective assistance of counsel. *Id.* at 611.

The Supreme Court, in lieu of granting leave, agreed with the dissent that defendant had waived any issue of instructional error and remanded the matter to this Court to consider the previously unaddressed arguments related to defendant's claims of ineffective assistance of counsel. 502 Mich at 43. In our prior opinion, we directed the trial court to hold a *Ginther*

hearing[1] and to consider defendant's claim that trial counsel was ineffective in not advising defendant of the potential consequences of withdrawing his plea. 316 Mich App at 602-603. Because the Supreme Court did not disturb this portion of our opinion, we remanded this matter to the trial court for that purpose. *People v Traver*, unpublished order of the Court of Appeals (7/20/2018).

On remand, the trial court concluded that defendant was well-aware of the potential consequences of withdrawing his plea. Following that remand, we now must address the resolution of that issue, as well as the claims previously raised by defendant that trial counsel was ineffective for (1) failing to call character witnesses, (2) failing to call a tow-truck driver to testify, and (3) failing to retain an expert witness. Defendant also now raises a new claim that counsel was ineffective for failing to move to quash the information. After further considering these claims, we now affirm defendant's convictions and sentences.

A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law. *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). The trial court's factual findings are reviewed for clear error, while the ultimate constitutional issue is reviewed de novo. *Id.*

A defendant seeking relief based on a claim of ineffective assistance must show "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018). "Effective assistance is presumed, and a defendant bears a heavy burden to prove otherwise." *Swain*, 288 Mich App at 643. The measure of an attorney's performance under the first prong of the analysis is "simply reasonableness under prevailing professional norms." *Padilla v Kentucky*, 559 US 356, 366; 130 S Ct 1473; 176 L Ed 2d 284 (2010) (citation omitted). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome a strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

We turn first to the issue specifically mentioned by the Supreme Court in its opinion remanding the matter to this Court. The Supreme Court briefly addressed the issue in a footnote as follows:

> The majority further erred by holding that it need not "resort to ineffective assistance of counsel principles to circumvent potential waiver issues . . . ." *Traver*, 316 Mich App at 601. In this case, defendant must establish a valid claim of ineffective assistance of counsel in order for him to be entitled to relief on his waived claims of instructional error. Defendant raised the claims of ineffective assistance in the Court of Appeals, but they were not addressed by the majority.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

We decline to address them in the first instance and instead remand to the Court of Appeals for consideration of defendant's arguments that defense counsel was constitutionally ineffective to the extent that defendant's claims of instructional error were waived. [*Traver*, 502 Mich at 43 n 10.]

While the issue was not addressed in the majority opinion in the original appeal, Judge SAWYER thoroughly discussed, and rejected, the claim of ineffective assistance of counsel as it relates to the claims of instructional error in his dissenting opinion. *Traver*, 316 Mich App at 603-609 (SAWYER, J., *dissenting*). Moreover, defendant did not provide further argument on this issue in his supplemental brief following remand. Accordingly, we now adopt Judge SAWYER's dissenting opinion as it relates to this issue and reject defendant's claim.

Turning next to the issue of the plea withdrawal, the trial court held the hearing on remand and concluded that defendant was adequately advised on the potential consequences of withdrawing his plea. The trial court concluded as follows:

> The principle [sic] argument by the Defendant in support of his ineffective assistance of counsel position was that he was never advised of the consequences of a conviction under the Weapons-Felony charge, if convicted. Attorney Hartman was adamant in his testimony at the *Ginther* Hearing, that he advised the Defendant of the "risk-reward" circumstances if he were to proceed to trial with an added count of Felony Firearm, and the consequences of a conviction being a mandatory two years in prison. The Court can, and does, confirm that the People advised the Defendant on the record that if the matter proceeded to trial, the Felony Firearm charge would be added to the Information. Despite Defendant's testimony to the contrary, the Court is satisfied that this fact was known by the Defendant, as his testimony noted below demonstrates. As further testified by Attorney Hartman, it was "inconceivable" that this was not explained to the Defendant on more than one occasion. Attorney Hartman further testified at the *Ginther* Hearing that the Defendant led him to believe he was more interested than anything else in harvesting a large marijuana crop that would result in large payout. The Defendant denied this reasoning.

> * * *

> The Defendant's first trial on the four-count information ended in a mistrial. For the Defendant to argue he didn't understand the consequences of the Felony Firearm charge, given the facts, stretches credulity. Attorney Hickman, who conducted the trial which resulted in acquittal on two of the four counts, Carrying a Concealed Weapon (CCW) and Interfering with an Electronic Device, echoed the same sentiments of Attorney Hartman. Attorney Hickman was adamant that he advised the Defendant of the inherent risks in taking the matter to trial, but regardless of those efforts, the Defendant was adamant about having of [sic] his day in court. Further, the Defendant at the *Ginther* Hearing, acknowledged that he understood the benefit of the original plea bargain when he

-3-

testified that, why would he risk prison or jail given the bargain he was offered. The Defendant testified as follows:

> "As far as good goes, it was—as Mr. Hartman explained it, a no-brainer. He says, if you got 80 percent chance of—this is how they explained it to me. You got 20 percent chance to lose. This is all you got to do. Call in probation and this, this, this. Is that worth a 20 percent chance, he says to me, to go to *prison* or to go to jail for whatever amount of time?"

> This statement alone indicates that Attorney Hartman advised the Defendant of the consequences of taking the matter to trial long before Attorney Hickman became involved, and despite the fact that the Defendant stated he didn't understand it could be a mandatory two years if convicted.

> The Defendant's testimony, the Court finds, given the complete record of the *Ginther* Hearing, when compared to the facts and testimony of the two attorneys and the Court's recollection of the facts, failed to support any argument of ineffectiveness of counsel. The Court finds a lack of credibility demonstrated by the Defendant, given the record before the Court. All the witnesses had difficulty in remembering certain aspects of the case, but this Court cannot find the lack of recall by counsel for the Defendant determinative of any ineffectiveness. In every trial, reasons may exist as to why things were done or not, and nothing in the record before the Court depicts what, in this Court's view, constitutes proof of ineffectiveness.

Defendant now contends that this Court should ignore the trial court's factual findings and conclude that defendant was not, in fact, aware that he would be charged with one count of felony-firearm, carrying a mandatory sentence of two years' imprisonment, when he withdrew his plea. The testimony of the attorneys was clear: defendant was fully aware that the prosecutor would add a charge of felony-firearm, carrying a two-year minimum sentence, if defendant withdrew his plea. The trial court found this testimony credible; it found that defendant's contradictory testimony was not believable. This Court should defer to the trial court's credibility determinations. *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008). Because defendant was, in fact, informed of the likely consequence of withdrawing his plea, his claim that counsel was ineffective for failing to inform him of that very consequence necessarily fails. Indeed, we agree with the trial court's concluding sentence in its opinion: "The ineffectiveness, the Court further finds, was in the Defendant's ability to listen, his erroneous belief that he understood more than his several counsel about the law, and in the end got exactly what he bargained for, a trial and the subsequent results."

We next turn to defendant's claim that trial counsel was ineffective for failing to obtain a ruling on the motion to quash. This issue, however, is not properly before us. The scope of the Supreme Court's remand to this Court was "for review of defendant's *previously* unaddressed arguments relating to ineffective assistance of counsel." *Traver*, 502 Mich at 43 (emphasis added). Defendant did not raise this issue in his original brief on appeal, raising only in his

supplemental brief following remand. Therefore, it does not constitute one of his "previously unaddressed arguments." As we noted in *Russell*, 297 Mich App at 714, when "an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." Because the Supreme Court did not direct us to consider any new issues raised by defendant, it would be improper for us to now consider this issue and we decline to do so.

A similar problem exists in part with defendant's remaining issues regarding ineffective assistance of counsel. Defendant did raise those issues in his original brief and, therefore, those issues are properly before us. But we did not direct the trial court to consider those issues or hold a hearing on remand on those issues. Indeed, we specifically limited the scope of remand to the plea-withdrawal issue:

> Pursuant to Part IV of this Court's opinion in *People v Traver,* 316 Mich App 588, 602-603; 894 NW2d 89 (2016), aff'd in part, rev'd in part, lv den in part __ Mich __ (2018) (Docket No. 154494), the Court orders that the matter is remanded so that defendant-appellant may, if he so chooses, move for an evidentiary hearing in support of his claim that his trial counsel did not adequately apprise him of the potential consequences of withdrawing his plea. If such a hearing is requested, an evidentiary hearing must be held, and the trial court shall determine whether counsel was ineffective after conducting the evidentiary hearing. *Id.* "If the court determines that counsel performed ineffectively by failing to advise [defendant] that the prosecutor intended to file a felony-firearm charge carrying a mandatory two-year imprisonment penalty, and that [defendant] would have declined to withdraw his plea had he been aware of this risk, the court must then order the prosecutor to reoffer the original plea agreement." *Id.* at 603. *Proceedings on remand are limited to the plea-withdrawal issue.* [Unpublished order of the Court of Appeals, issued 7/20/2018 (emphasis added).]

Accordingly, to the extent that the trial court considered or even took testimony on any claim of ineffective assistance of counsel other than the plea-withdrawal issue, the trial court exceeded the scope of remand. Therefore, we will not consider any such testimony or arguments based upon the testimony given at the hearing on remand as it relates to any claim other than the plea-withdrawal issue. Rather, we limited our consideration to the record as it existed at the time of our original opinion.

In his original brief on appeal, defendant contends that he received ineffective assistance of counsel when counsel failed to investigate and present character witnesses and an expert medical witness. "Trial counsel's failure to a call a witness is only considered ineffective assistance if it deprived the defendant of a substantial defense. A substantial defense is one that could have affected the outcome of the trial." *People v Putnam*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (citation omitted).

Defendant claims that defense counsel failed to contact "multiple witnesses who all attested in writing that I was not a bully and that I had never been in a fight for as long as they

-5-

had known me." These alleged mistakes are not apparent on the record. In any event, defense counsel's decision not to pursue these unnamed witnesses was a trial strategy that we will not second guess. *People v Dunigan*, 299 Mich App 579, 590; 831 NW2d 243 (2013).

Moreover, these purported character witnesses would not have provided an outcome determinative defense given that there is no evidence that they would have directly refuted the two eyewitnesses who testified to seeing defendant physically assault the victim with a gun in his hand. Similarly, defense counsel's decision not to pursue an expert to testify as to defendant's physical capacity cannot be considered outcome determinative in light of the eyewitness testimony.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Michael J. Kelly