Markman, C.J.
**28 At issue is whether the trial court erred by providing written instructions to the jury concerning elements of the charged offenses but failing to read those instructions aloud. Although we conclude that our court rules require oral instructions, defendant here waived any claims of instructional error. Therefore, we affirm the judgment of the Court of Appeals to the extent that it held that the court rules require oral instructions, but we reverse to the extent that it held that this claim and additional claims of instructional error required reversal of defendant's convictions. In addition, we remand to the Court of Appeals for consideration of defendant's previously unaddressed arguments relating to ineffective assistance of counsel.[1]
I. FACTS AND HISTORY
Defendant shared a driveway with his neighbor, Patrick St. Andre, and the two were involved in an ongoing dispute regarding use of the driveway. As a result of allegations arising from the dispute, defendant was charged with carrying a concealed weapon (CCW), MCL 750.227 ; assault with a dangerous weapon (felonious assault), MCL 750.82 ; interference with electronic communications, MCL 750.540(5)(a) ; and possessing a firearm during the commission of a felony (felony-firearm), MCL 750.227b. After swearing in the jury, the trial court gave preliminary oral instructions to the jury and stated the following, in relevant part:
To prove the charges, the prosecutor must prove beyond a reasonable doubt the following information that you have in your hand. I'd ask you to take a look now at what has been passed out to you.
**29 In count one, the defendant is charged with the crime of carrying a concealed weapon. To prove this charge, the prosecutor must prove, beyond a reasonable doubt, those elements so listed. First, that the defendant knowingly carried a weapon, a pistol. It does not matter why the defendant was carrying the weapon, but to be guilty of the crime, the defendant must have known that it was a weapon. Second, that this pistol was concealed, complete invisibility is not required. A weapon is concealed if it cannot easily be seen by those who come into ordinary contact with the defendant.
Now, as you can see in count two and count three, and count four, those are the elements, ladies and gentlemen, that you will need to pay attention to during the course of this trial. Those are the *262 four counts that Mr. Traver is charged with, and the attorneys will be discussing all of those as we proceed through here by questions of the witnesses. Okay?
The trial court then provided the jury with a two-page typed document that contained the definition of the term "possession" for felony-firearm and the elements of CCW, felonious assault, and interference with electronic communications; defense counsel expressed satisfaction with these instructions. Following closing arguments, the trial court again orally instructed the jury, but only as to routine points of law, such as the meaning of reasonable doubt and the fact that attorneys' arguments do not constitute evidence. It did not orally instruct regarding the elements of the charges, stating:
When you go into the jury room, ladies and gentlemen, you will be provided with a written copy of these instructions should you so choose. If there are instructions that I have given and others that I will give that you wish copies of, they will be provided to you. You've already received the charges and the elements of the same.
**30 At the conclusion of these instructions, the trial court inquired whether defense counsel was satisfied, and counsel sought clarification regarding the felony-firearm instruction; the trial court responded with further instructions in that regard. Defense counsel then again expressed satisfaction with the instructions. The jury found defendant guilty of felonious assault and felony-firearm and not guilty of the remaining charges.
Following sentencing, defendant appealed as of right, raising numerous issues-in particular, that the trial court erred by failing to orally instruct the jury on the elements of the charges. In a split decision, the Court of Appeals reversed defendant's convictions, reasoning that the trial court had failed to orally instruct the jury regarding the elements of the charged offenses. People v. Traver , 316 Mich. App. 588, 894 N.W.2d 89 (2016). Judge SAWYER dissented, asserting that defendant had waived any claim of instructional error by expressing satisfaction with the instructions. Id . at 603, 894 N.W.2d 89.
The prosecutor then sought leave to appeal in this Court, and on December 6, 2017, we heard oral argument regarding whether to grant the application. Because there was uncertainty regarding the specific written instructions the jury had received, we remanded to the trial court "for appropriate proceedings to settle the record as to the content of the written jury instructions on the elements of the charged crimes." People v. Traver , 501 Mich. 938, 904 N.W.2d 191 (2017). On remand, the trial court determined that the two-page typed document cited by the Court of Appeals was identical to the content provided to the jury by the trial court. We now address the claims of instructional error that the Court of Appeals majority held warranted reversal of defendant's convictions.
**31 II. STANDARD OF REVIEW
"We review de novo claims of instructional error" and "must consider the instructions as a whole, rather than piecemeal, to determine whether any error occurred." People v. Kowalski , 489 Mich. 488, 501, 803 N.W.2d 200 (2011). Similarly, we review de novo the proper interpretation and application of court rules. People v. Comer , 500 Mich. 278, 289, 901 N.W.2d 553 (2017). The same broad legal principles governing the interpretation of statutes apply to the interpretation of court rules; therefore, when interpreting a court rule, this Court begins with the text of the court rule and reads the individual words and *263 phrases in their context within the Michigan Court Rules. Id .
III. LEGAL BACKGROUND
"A court must properly instruct the jury so that [the jury] may correctly and intelligently decide the case." People v. Clark , 453 Mich. 572, 583, 556 N.W.2d 820 (1996) (opinion by MALLETT , J.). "The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." People v. Reed , 393 Mich. 342, 349-350, 224 N.W.2d 867 (1975) (citations omitted). The pertinent rules governing jury instructions are set forth in MCR 2.512 and MCR 2.513. MCR 2.512 provides, in relevant part:
(A) Request for Instructions.
(1) At a time the court reasonably directs, the parties must file written requests that the court instruct the jury on the law as stated in the requests. In the absence of a direction from the court, a party may file a written request for jury instructions at or before the close of the evidence.
* * *
**32 (B) Instructing the Jury.
(1) At any time during the trial, the court may, with or without request, instruct the jury on a point of law if the instruction will materially aid the jury in understanding the proceedings and arriving at a just verdict.
(2) Before or after arguments or at both times, as the court elects, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case.
MCR 2.513 provides, in relevant part:
(A) Preliminary Instructions. After the jury is sworn and before evidence is taken, the court shall provide the jury with pretrial instructions reasonably likely to assist in its consideration of the case. Such instructions, at a minimum, shall communicate the duties of the jury, trial procedure, and the law applicable to the case as are reasonably necessary to enable the jury to understand the proceedings and the evidence. The jury also shall be instructed about the elements of all civil claims or all charged offenses, as well as the legal presumptions and burdens of proof. The court shall provide each juror with a copy of such instructions....
* * *
(N) Final Instructions to the Jury.
(1) Before closing arguments, the court must give the parties a reasonable opportunity to submit written requests for jury instructions. Each party must serve a copy of the written requests on all other parties. The court must inform the parties of its proposed action on the requests before their closing arguments. After closing arguments are made or waived, the court must instruct the jury as required and appropriate, but at the discretion of the court, and on notice to the parties, the court may instruct the jury before the parties make closing arguments. After **33 jury deliberations begin, the court may give additional instructions that are appropriate.
(2) Solicit Questions about Final Instructions. As part of the final jury instructions, the court shall advise the jury that it may submit in a sealed envelope given to the bailiff any written questions about the jury instructions that arise during deliberations. Upon concluding the final instructions, the court shall invite the jurors to ask any *264 questions in order to clarify the instructions before they retire to deliberate.
* * *
(3) Copies of Final Instructions. The court shall provide a written copy of the final jury instructions to take into the jury room for deliberation. Upon request by any juror, the court may provide additional copies as necessary. The court, in its discretion, also may provide the jury with a copy of electronically recorded instructions.
In People v. Duncan , 462 Mich. 47, 52, 610 N.W.2d 551 (2000), we addressed a case in which the trial court failed to instruct the jury regarding any of the elements of felony-firearm. Duncan held that "[i]t is structural error requiring automatic reversal to allow a jury to deliberate a criminal charge where there is a complete failure to instruct the jury regarding any of the elements necessary to determine if the prosecution has proven the charge beyond a reasonable doubt." Id . at 48, 610 N.W.2d 551 (emphasis added). We grounded this conclusion in two general concerns with the complete failure to instruct. First, "[s]uch a defect improperly left the jury to speculate, i.e., the absence of any instructions regarding the elements of felony-firearm left the jury to guess what the prosecuting attorney might be required to prove." Id . at 52-53, 610 N.W.2d 551 (emphasis added). Second, "the failure to provide any of the elements of the charge may have suggested to the jury that the two charges **34 were [somehow] tie-barred, i.e., if the jury found defendant guilty of murder, they were then to find defendant guilty of felony-firearm." Id . at 53, 610 N.W.2d 551. "Such tie-barring would run counter to our fundamental constitutional law as it directs the jury to return a verdict." Id . See also id . at 54, 610 N.W.2d 551 ("Indeed, this Court has even recognized that a jury is not required to reach consistent verdicts with regard to a felony-firearm charge and the accompanying felony.").
Unlike the situation in Duncan in which there was a complete failure to provide the jury with instructions regarding any of the elements of an offense, in People v. Kowalski , 489 Mich. at 501-503, 803 N.W.2d 200, we addressed the matter of imperfect instructions in a context in which the trial court had misinformed the jury by omitting individual elements of the offense. Kowalski explained that "[i]nstructional errors that omit an element of an offense, or otherwise misinform the jury of an offense's elements, do not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Id . at 501, 803 N.W.2d 200 (quotation marks and citation omitted). Rather, Kowalski proceeded to assert, "an imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." Id . at 501-502, 803 N.W.2d 200. Furthermore, although "a jury instruction that improperly omits an element of a crime amounts to a constitutional error," such an error is waived when defense counsel "explicitly and repeatedly approved the instruction." Id . at 503, 803 N.W.2d 200.
IV. ANALYSIS
Neither MCR 2.512 nor MCR 2.513 expressly states whether instructions must be provided orally, and the **35 prosecutor contends that the court rules do not require oral instructions. Although the requirement to "instruct" the jury could conceivably be read in isolation as referring to providing either oral or written instructions,[2] the context in which the word "instruct" *265 is used in our rules leads us to conclude that the court rules affirmatively require oral instructions. See Haliw v. Sterling Hts. , 471 Mich. 700, 706, 691 N.W.2d 753 (2005) ("The intent of the rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole. When interpreting a court rule or statute, we must be mindful of the surrounding body of law into which the provision must be integrated....") (quotation marks and citation omitted); G C Timmis & Co v. Guardian Alarm Co , 468 Mich. 416, 421, 662 N.W.2d 710 (2003) ("Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context.").
As set forth earlier, MCR 2.513(N)(2) states that "[u]pon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." This command to invite clarifying questions regarding the final instructions, coupled with the specific timing element-"[u ]pon concluding the final instructions"-suggests that the trial court reads the final instructions aloud. Id . (emphasis added). Absent oral instructions, the jury obviously would be incapable of asking "clarifying" questions at that time simply because it would yet be unaware of what the instructions entailed. That is, it would only have been **36 as a result of a prior delivery of oral instructions by the court that a "conclusion" would be reached at which the jury would have been afforded sufficient information upon which to base a question seeking to "clarify" the final instructions. Logically, the jury must be cognizant of the final instructions at the point at which the invitation to clarify occurs, and the jury can only be cognizant of the instructions at that point-that is, when the court has "conclud[ed] the final instructions," id .-when the instructions have been orally communicated; jurors who still have to read a typed two-page statement after it is delivered to them will not be cognizant of the content of those instructions upon delivery.[3] **37 *266 Moreover, the MCR 2.513(N)(2) language "[u ]pon concluding the final instructions" also communicates that there is some beginning, middle, and ending to the final instructions, a temporal sequence that makes sense only in the context of final instructions being provided to the jury in an oral manner. Id . (emphasis added). If the final instructions could be satisfied by merely handing the jury a "two-page typed" document, then the phrase "[u]pon concluding the final instructions" would have little coherent meaning because nothing of apparent consequence would have preceded the "concluding" moment-indeed the "concluding" instant-at which the court actually provided the written instructions to the jury. Id . (emphasis added). It is a questionable use of language to refer to the "conclu[sion]" of a moment, or an instant, at which some action is taken unless that action in some way represents the culmination of some apparent process that has led to, or brought into being , that concluding moment or instant.[4] **38 Furthermore, the notion that the word "instruct" refers to providing oral jury instructions is compellingly underscored by the fact that MCR 2.513(N)(3) provides that "[t]he court shall provide a written copy of the final jury instructions to take into the jury room for deliberation." (Emphasis added.) By communicating that the court must provide a "written copy of the final jury instructions," MCR 2.513(N)(3) logically suggests that the final jury instructions were not originally provided in "writing" under the requirement in MCR 2.513(N)(1) that "the court must instruct the jury as required and appropriate...." *267 MCR 2.513(N)(3) further provides that "[t]he court, in its discretion, also may provide the jury with a copy of electronically recorded instructions." That the rule contemplates the existence of "electronically recorded instructions" further suggests that the instructions must be provided **39 orally. Thus, the references in MCR 2.513(N)(3) to providing "a written copy of the final jury instructions" and to "electronically recorded instructions" both indicate that the jury instructions must initially be given orally.
The court rules provide similar support for oral instructions in MCR 2.513(A), which governs preliminary instructions. MCR 2.513(A) indicates that the jury "shall be instructed about the elements of all civil claims or all charged offenses" and then states that "[t]he court shall provide each juror with a copy of such instructions." (Emphasis added.) Implicit, again, in the additional requirement of MCR 2.513(A) to provide a "copy" of the instructions to the jury is the understanding that the trial court orally instructed the jury in the first instance. Thus, as with MCR 2.513(N)(3), MCR 2.513(A) suggests strongly that the initial act of instructing the jury is undertaken orally.
This interpretation is not only supported by the various provisions of MCR 2.513 but also by the manner in which other court rules refer to "jury instructions." For example, MCR 7.312(D)(2)(e) requires that an appellant's appendix contain "any relevant portions of the transcript, including the complete jury instructions if an issue is raised regarding a jury instruction." In order for the "complete jury instructions" to have been transcribed and to compose part of the transcript, the jury instructions must have been read aloud.[5] Therefore, references to jury instructions **40 throughout the court rules seemingly contemplate that the instructions be provided orally.
In summary, when the court rules are read in context and as a whole, it becomes reasonably clear that the commands in MCR 2.512 and MCR 2.513 that direct the trial court to "instruct" the jury refer to providing oral instructions.[6]
Nonetheless, in the instant case, although the trial court failed to orally instruct the jury regarding the elements of several offenses, defendant, in our judgment, clearly waived his claim of instructional error.[7] As Kowalski explained:
*268 This Court has defined "waiver" as the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate **41 review of a claimed deprivation of those rights, for his waiver has extinguished any error. When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver. [ Kowalski , 489 Mich. at 503, 803 N.W.2d 200 (quotation marks and citations omitted).]
Here, the jury received the document containing the definition of possession for felony-firearm and the elements of CCW, felonious assault, and interference with electronic communications. During the trial court's oral instructions, the trial court told the jury that it had already been provided the charges and the elements of the charges, and at the conclusion, defense counsel was asked whether there were any issues with the final instructions. Defense counsel raised an objection regarding the felony-firearm instruction, and additional instructions were provided. The trial court then asked whether defense counsel and the prosecutor were satisfied, and defense counsel replied, "Yes, your Honor." After the jury was excused, the trial court again asked, "All parties are satisfied with the instructions as given?" Both the prosecutor and defense counsel again responded, "Yes, your Honor." As this Court concluded in Kowalski , "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." Id . at 504, 803 N.W.2d 200. Therefore, the Court of Appeals majority erred by concluding that this claim of instructional error warranted a new trial.[8]
**42 V. OTHER ISSUE
In addition to the above issue, the Court of Appeals majority held that there was a separate claim of instructional error that independently warranted a new trial. Specifically, it held that there had been a complete failure to instruct the jury regarding felony-firearm, which amounted to a structural error requiring reversal under Duncan . Here, the document containing written jury instructions that was provided to the jury did not list the full instructions for felony-firearm; rather, the instructions listed under felony-firearm merely pertained to what constitutes possession. However, defense counsel objected to the instructions regarding felony-firearm, and the trial court instructed the jury that "[i]f, for example, you find the defendant not guilty of the other three counts, you cannot find him guilty of the felony firearm. Okay? Because no felony has been committed." In addition, the court explained, "If you do find the defendant guilty in count one, two, or three and understand, in your *269 belief, that a weapon was used to commission [sic] those crimes, then count four [felony-firearm] would be applicable." Following these additional instructions, both the prosecutor and defense counsel indicated that they were satisfied with the instructions for felony-firearm.
As with the earlier claim of instructional error, "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review." Kowalski , 489 Mich. at 504, 803 N.W.2d 200.[9] Given the clear **43 waiver in this case, the Court of Appeals majority erred by holding that this claim of instructional error warranted a new trial.[10]
VI. CONCLUSION
We conclude that Michigan court rules require that jury instructions be provided orally. However, defendant waived this claim and any additional claims of instructional error. For that reason, we affirm the judgment of the Court of Appeals but only to the extent that it held that oral jury instructions are required; we reverse to the extent that it held that defendant's claims of instructional error required reversal of his convictions; and we remand to the Court of Appeals for review of defendant's previously unaddressed arguments relating to ineffective assistance of counsel. In all other respects, we deny leave to appeal because we are not persuaded that the remaining question raised by the prosecutor should be reviewed by this Court.

In all other respects, we deny leave to appeal because we are not persuaded that the remaining issues in the prosecutor's application for leave to appeal should be reviewed by this Court.

The dictionary defines the word "instruct" as "to provide with authoritative information or advice." Merriam-Webster's Collegiate Dictionary (11th ed.).

In his partial dissent, Justice Zahra suggests that the clause "[u]pon concluding the final instructions" could be read as referring to the jurors' completion of reading the final instructions because the clause lacks an express subject; however, that reading is not only strained but also grammatically incorrect. See Sun Valley Foods Co. v. Ward , 460 Mich. 230, 237, 596 N.W.2d 119 (1999) ("The statutory language must be read and understood in its grammatical context, unless it is clear that something different was intended."); Comer , 500 Mich. at 289, 901 N.W.2d 553 (stating that the same broad legal principles governing the interpretation of statutes apply to the interpretation of court rules). The relevant portion of MCR 2.513(N)(2) specifies, "Upon concluding the final instructions, the court shall invite the jurors to ask any questions in order to clarify the instructions before they retire to deliberate." As it is employed in MCR 2.513(N)(2), the word "concluding" functions as a gerund. See Garner, Garner's Modern English Usage (Oxford: Oxford University Press, 2016), p. 1006 (defining "gerund" as "[a] present-participial form that functions as a noun; a verbal noun"). That is, as employed here, "concluding" refers to an event. That event is either the trial court's "concluding the final instructions" or-as Justice Zahra suggests-the jurors' "concluding [their consideration of] the final instructions." When a sentence begins with a gerund phrase as the sentence at issue here does, the subject of the phrase must logically agree with the subject of the sentence. See Sabin, The Gregg Reference Manual (New York: McGraw-Hill, 2011), ¶ 1082, p. 349 ("When a sentence begins with a participial phrase, an infinitive phrase, a gerund phrase, or an elliptical clause (one in which essential words are missing), make sure that the phrase or clause logically agrees with the subject of the sentence; otherwise, the construction will 'dangle.' "); Garner's Modern English Usage , pp. 241-242 (explaining that "danglers" are problematic with participle phrases and gerund phrases alike; that "danglers" render a sentence incoherent or illogical; and that "[i]n the normal word order, a participial phrase beginning a sentence ('Walking down the street,') should be directly followed by the noun acting as subject in the main clause ('I saw the house')"). In order to have a proper grammatical reading of MCR 2.513(N)(2), the phrase "[u]pon concluding the final instructions" must be read as referring to the subject of the sentence here, which is the trial court. See MCR 2.513(N)(2) ("Upon concluding the final instructions, the court shall invite the jurors to ask....") (emphasis added). Given that the trial court is the subject, it would be improper to read "[u]pon concluding the final instructions" as referring to an act of the jury.

Interpreting the rules to solely permit the practice of having the jury read the written instructions to themselves before the court solicits clarifying questions would not only overlook the critical textual clues to the contrary in MCR 2.513(N)(2) but would also be inconsistent with the purposes of our court rules. See MCR 1.105 ("These rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties."). Absent oral guidance by the court, written jury instructions can hardly be said to advance "the just, speedy, and economical determination of" a case. Id . Take the instant case, for example, in which a time-consuming remand was required to settle the record concerning the content of the written jury instructions because the trial court had failed to read the relevant portions of the instructions to the jury, which resulted in the instructions not becoming part of the final transcript. Moreover, allowing written instructions as the sole means of instruction would deprive the jury of the active advice of the trial court and would require jurors to read the instructions in the jury box in open court before they retired; requiring this to be undertaken in the "fishbowl" of open court-with parties, the gallery, and court officers watching and waiting-makes little sense and could easily lead to a less-than-thorough and unreflective reading by the jury. By contrast, requiring oral instructions advances "the just, speedy, and economical determination of" a case given that the full panoply of instructions is explained aloud to the jury with the contents of those instructions included within any subsequent transcript. Id . Therefore, oral instructions not only best comport with the text of MCR 2.513(N)(2) but are also most consistent with the purpose of our court rules.

Similar court rules that govern appeals in circuit courts and the Court of Appeals lend support for the proposition that the court rules require oral instructions. See, e.g., MCR 7.105(B)(5)(b) (stating that to apply for leave to appeal in circuit court, the appellant must file, "unless waived by stipulation of the parties or trial court order, a copy of certain transcripts," including, in an appeal challenging jury instructions, "the transcript of the entire charge to the jury"); MCR 7.205(B)(4)(c) (stating that to apply for leave to appeal in the Court of Appeals, the appellant shall file with the clerk, "in an appeal challenging jury instructions, the transcript of the entire charge to the jury").

In his partial dissent, Justice Zahra concludes that by allowing for either oral or written instruction, the court rules provide trial courts with flexibility to accommodate jurors who may have impairments, such as a hearing impairment. However, nothing in our interpretation of the relevant court rules prevents a trial court from providing the necessary accommodations for jurors who may have impairments or disabilities, and it is difficult to envision that a trial court would not affirmatively accommodate a juror who had such an impairment. The trial court simply must provide oral instructions in addition to providing such accommodations.

We note that Duncan , 462 Mich. at 57, 610 N.W.2d 551, which held that a trial court's complete failure to instruct the jury on the elements of the charged offenses constituted structural error requiring reversal, did not address the concept of waiver. However, because the instant case is distinguishable from Duncan , we need not address whether the complete failure to instruct would evade a waiver analysis. Unlike Duncan , the jury here received instructions in some form or another on the elements of all of the offenses-it is only the manner in which the instructions were presented that renders them imperfect. As with Kowalski , the claim of instructional error here did not amount to structural error-it is a nonstructural error and is clearly subject to a waiver analysis.

In his partial dissent, Justice Zahra asserts that "it makes eminent sense to amend the court rules to require a trial court to provide both an oral recitation and written copies of the final jury instructions." No justice in the majority necessarily disagrees with this proposition. However, the court rules do not yet expressly incorporate such language and, if and when such language is eventually incorporated, it will have been undertaken in conformity and continuity with the existing rules rather than establishing an entirely new requirement.

As Judge Sawyer 's dissent recognized, there were problems with the trial court's felony-firearm instructions but the claims of instructional error were waived. Similar to the previously discussed claim of instructional error, we need not address whether the instant claim potentially evades a waiver analysis. Despite defendant's claimed errors with this instruction, the instant case did not involve a situation in which the trial court entirely omitted any instruction regarding the elements of felony-firearm; accordingly, this case is unlike Duncan . Rather, this case-as with Kowalski -involves a situation in which the trial court provided imperfect instructions regarding the elements of an offense, and the claimed error is subject to waiver analysis.

The majority further erred by holding that it need not "resort to ineffective assistance of counsel principles to circumvent potential waiver issues...." Traver , 316 Mich. App. at 601, 894 N.W.2d 89. In this case, defendant must establish a valid claim of ineffective assistance of counsel in order for him to be entitled to relief on his waived claims of instructional error. Defendant raised the claims of ineffective assistance in the Court of Appeals, but they were not addressed by the majority. We decline to address them in the first instance and instead remand to the Court of Appeals for consideration of defendant's arguments that defense counsel was constitutionally ineffective to the extent that defendant's claims of instructional error were waived.