*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HECTOR WILLIAM GALINDEZ,

Defendant-Appellant.

UNPUBLISHED
January 11, 2024

No. 361654
Isabella Circuit Court
LC No. 2021-001436-FH

Before: BOONSTRA, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of two counts of delivering methamphetamine, MCL 333.7401(2)(b)(*i*) and MCL 333.7212(1)(h), second offense, MCL 333.7413(1); possession of methamphetamine, MCL 333.7403(2)(b)(*i*) and MCL 333.7212(1)(g); possession of a dangerous weapon, MCL 750.224(1)(d); and two counts of carrying a concealed weapon, MCL 750.227(2). We affirm.

## I. BACKGROUND

Defendant's convictions arise from his delivering methamphetamine to a confidential informant. The informant began working with the Michigan Investigative Narcotics Team after a methamphetamine pipe was discovered in her vehicle. As part of this work, the confidential informant coordinated with the lead detective of defendant's case to conduct two controlled buys involving defendant. She agreed that, during a previous hearing in defendant's case, she had testified against defendant when she had a pending criminal charge. Although no one had promised her that her charges would be reduced, she ultimately pleaded guilty to a lesser offense, and her recommended sentence allowed her to attend drug treatment instead of serving jail time.

When testifying about the first controlled buy, the confidential informant told the jury that defendant contacted her and asked her whether she wished to purchase some methamphetamine. After consulting with the lead detective, the informant agreed to set up the purchase. The lead detective testified that, at the prebuy meeting location, he saw a videoconference conversation between the informant and defendant about where to meet. The confidential informant drove to that location and entered a brown vehicle. Although the lead detective testified that he could not

see the occupants of the brown vehicle, a different surveillance officer testified that he recognized the person in the driver's seat as defendant. The confidential informant testified that she handed defendant money and he handed her methamphetamine.

As to the second controlled buy, the confidential informant testified that defendant again contacted her and offered to sell her methamphetamine, and after consulting with the lead detective, the informant again set up the purchase. The purchase was to take place in a home. The confidential informant was equipped with a video recording device and driven to the home by the lead detective's partner. Although the informant was the only person who went into the home, the recording showed defendant separating the methamphetamine for the sale. When defendant was eventually arrested, methamphetamine, knives, and a small bat were discovered in his car. The jury found defendant guilty of the previously described offenses.

This appeal followed.

## II. PROSECUTORIAL MISCONDUCT

On appeal, defendant challenges several statements made by the prosecutor during trial that, according to defendant, amounted to prosecutorial misconduct. First, defendant challenges the prosecutor's statements in his opening and closing remarks that the jury should "do the right thing" by convicting defendant, contending that these remarks constituted an impermissible civic-duty argument. Second, defendant challenges the prosecutor's statements in his closing rebuttal that the informant "testified well," arguing that such a statement improperly bolstered the informant's credibility. Reviewing the prosecutor's statements in context, we conclude that defendant's arguments lack merit.

Defendant failed to preserve an appellate challenge to the prosecutor's contested statements by challenging the statements before the trial court, so his claims of prosecutorial misconduct are reviewed for plain error. *People v Lane*, 308 Mich App 38, 62; 862 NW2d 446 (2014). To establish plain error, the defendant must show that (1) error occurred, (2) the error was clear or obvious, and (3) the error affected defendant's substantial rights, which generally requires showing that the error affected the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Issues of prosecutorial error are analyzed "on a case-by-case basis, reviewing the prosecutor's comments in context and in light of the defendant's arguments." *Lane*, 308 Mich App at 62-63.

First addressing defendant's civic-duty argument, while prosecutors are generally "given great latitude regarding their arguments," *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017), they nevertheless "should not resort to civic duty arguments that appeal to the fears and prejudices of jury members," *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Such arguments are generally improper because they "inject issues into a trial that are broader than the defendant's guilt or innocence," inviting jurors to suspend their judgment and decide the case not on the facts but on extraneous considerations. *Lane*, 308 Mich App at 66. Despite this limitation, prosecutors are free to argue the evidence and all reasonable inferences from that

evidence as it relates to their theory of the case, *Bahoda*, 448 Mich at 282, and are even free to urge the jury to find the defendant guilty on the basis of the evidence and argue that, as a result, justice will be done, *Lane*, 308 Mich App at 66.

Reviewing the prosecutor's statements urging jurors to "do the right thing" in context, we conclude that these statements did not amount to improper civic-duty arguments. Throughout the prosecution's lengthy opening statement, the prosecutor repeatedly urged the jury to focus on the facts and evidence, and said that, if the jury did so, "I'm confident that it will lead you to—or lead us to the right conclusion. And that is, that we have to do the right thing and we've got to hold the Defendant Hector Galindez accountable, all right?" The prosecutor made similar statements during his initial closing and rebuttable arguments; after summarizing the counts and the evidence that the prosecutor believed supported each count, he ended by urging the jury to "do the right thing" and hold defendant accountable.[1] These statements by the prosecutor did not inject issues broader than defendant's guilt or innocence into the trial. Nor did the prosecutor ask the jury to suspend its powers of judgment and find defendant guilty on the basis of civic duty; rather, he urged the jury to "do the right thing" by finding defendant guilty on the basis of the facts and evidence that had been presented to it. Accordingly, defendant has not established an error, much less the clear or obvious error that he must show to meet the plain-error standard.

Second, addressing defendant's argument that the prosecutor impermissibly bolstered the informant's credibility, "the prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness." *Bahoda*, 448 Mich at 276. In a similar vein, the prosecutor may not suggest that he or she has knowledge unknown to the jury that establishes the witness testified truthfully. *People v Jackson*, 313 Mich App 409,

---

[1] During his initial closing, the prosecutor stated in relevant part:

> Folks, with that said and again all of these offenses were committed in Isabella County by the Defendant. And I think the time has really come that *we got to do the right thing*. Yeah, it's a long investigation. This is end of it right here. Now, the time has come that *we've got to do the right thing*. We got to rely on our common sense. We've got to rely on the facts and evidence and we've got to hold the Defendant accountable. We've got to return guilty verdicts on all counts. Thank you. [Emphasis added.]

And during rebuttal, the prosecutor stated:

> Now as I said folks, you'll have all of the exhibits I believe during deliberations. You'll be able to examine them. I encourage you to do so. I don't know if you'll have the actual knives or weapons or so forth. But if that is the case, I would encourage you to look at them. Look at everything, the lab reports. If you want to watch the videos again, I believe the Court will allow that. And folks if you need to look at it, that's fine. But at the end what it comes down to is this is the end. It's been a long road, I get it. This is the end and *we've got to do the right thing* and we have to hold the Defendant accountable. And we have [to] hold the Defendant accountable by finding him guilty on all counts. Thank you. [Emphasis added.]

426; 884 NW2d 297 (2015). A prosecutor may, however, comment on a witness's credibility during closing arguments. *Id.*

Considering the prosecutor's statements allegedly vouching for the confidential informant's credibility in context, we conclude that they were not improper. During closing arguments, defense counsel argued that the confidential informant had a lot at stake because she had committed a crime and was an addict who needed to produce something if she wanted to receive a break in her own case. In response, the prosecutor argued:

> Well, you saw her testify. She testified pretty well. She never testified in a jury trial before. She was nervous. She's not a—you know she's not an expert witness. CI's aren't expert witnesses. I mean that's somebody that came up here and told you they were addicted to meth.

The prosecutor then summarized the informant's motives to testify and the facts that he believed corroborated her testimony before reiterating that she "presented well." The prosecutor subsequently urged the jury to focus on the elements of the crimes instead.

It is not clear how a statement that a witness testified well despite having never testified before bolsters the credibility of that witness. Nevertheless, assuming for the sake of argument that the statements could be interpreted as comments on the informant's credibility, they were not improper considering (1) defendant's attack on the informant's motives for testifying and (2) the fact that a prosecutor is permitted to comment on a witness's credibility during closing arguments, so long as they do not amount to impermissible vouching. The prosecutor's remark in this case did not come close to impermissibly "vouching" for the confidential informant's credibility; the prosecutor urged the jury to focus on the facts in evidence, and the prosecutor's argument did not imply a special knowledge of the informant's credibility.

Alternatively, defendant argues that defense counsel provided ineffective assistance by failing to challenge the prosecutor's statements. Because defendant has not established any error, he cannot establish that defense counsel provided ineffective assistance. See *Jackson*, 313 Mich App at 431.

## III. ADDICT-INFORMER INSTRUCTION

Defendant next argues that he was deprived of his right to a properly instructed jury because the trial court refused to give an addict-informer instruction. We disagree.

This Court reviews de novo claims of instructional error. *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018). When reviewing a claim of instructional error, this Court reviews the instructions as a whole. *Id.* This Court reviews for an abuse of discretion a trial court's decision regarding whether a specific jury instruction applies. *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). "The trial court abuses its discretion when its outcome falls outside the range of principled outcomes." *Id.*

A defendant has the constitutional right to present a defense. Const 1963, art 1, § 13; US Const, Ams VI and XIV. An instructional error that affects a defendant's theory of the case may infringe on that defendant's right to present a defense. *People v Leffew*, 508 Mich 625, 643; 975

NW2d 896 (2022). Jury instructions "must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Traver*, 502 Mich at 31. See also MCR 2.512(B)(2).

In this case, defendant sought an addict-informer jury instruction, which would have instructed the jury that it should examine the confidential informant's testimony closely and be careful about accepting it because she was addicted to a drug. See M Crim JI 5.7. See also *People v Jackson*, 292 Mich App 583, 601; 808 NW2d 541 (2011) (explaining that the addict-informer instruction "is a cautionary instruction that advises a jury that testimony given by an addict-informant should be examined closely and considered with special scrutiny"). "[A]n instruction concerning special scrutiny of the testimony of addict-informants should be given upon request, where the testimony of the informant is the only evidence linking the defendant to the offense." *People v Griffin*, 235 Mich App 27, 40; 597 NW2d 176 (1999) (quotation marks and citation omitted; alteration in original), overruled in part on other grounds by *People v Thompson*, 477 Mich 146, 148 (2007). See also *People v McKenzie*, 206 Mich App 425, 432; 522 NW2d 661 (1994) (explaining that the addict-informer instruction "is to be used where the *uncorroborated* testimony of an addict informant is the only evidence linking the accused with the alleged offense"). Testimony by the informant is not the only evidence linking the defendant to the offense when testimony by police officers also links the defendant to the offense. *Griffin*, 235 Mich App at 40.

In this case, the confidential informant's testimony was not the sole link between defendant and the offenses. During the first offense, the lead detective personally observed defendant arrange the meeting location with the informant, and a different officer identified defendant as the driver of the vehicle from which the informant emerged with methamphetamine. The second offense was recorded, and defendant was visible on the video separating methamphetamine. Because the informant's testimony was not the only link between defendant and the offenses, the trial court was not required to give an addict-informer instruction.

Affirmed.

/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle