*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

V

MARQUIS LEE THOMAS,

Defendant-Appellant.

UNPUBLISHED
April 22, 2026
10:32 AM

No. 366840
Kent Circuit Court
LC No. 22-002443-FC

Before: TREBILCOCK, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

A jury convicted defendant, Marquis Thomas, of first-degree felony murder and other gun crimes for killing a longtime friend during an armed robbery. We agree with defendant's main contention on appeal that he is entitled to a new trial—the trial court erroneously declined to instruct defendant's jury on an accident defense to his felony-murder charge. Additionally, we conclude the trial court did not appropriately sentence defendant on his felon-in-possession conviction. We vacate the trial court's judgment, and remand for further proceedings.

## I. BACKGROUND

Defendant admittedly shot and killed Michael Wright, a man defendant testified as knowing for more than twenty years and whom defendant described was "like a brother." He says on that fateful day in late November 2021, the pair picked up a backpack full of guns from an apartment complex to take to a storage facility. As he was driving out of a gas station, defendant sharply turned around. That caused Wright's gun and cell phone to fall. Defendant picked up the gun and tried to give it to Wright, who instead told defendant to put it in the backpack with the other guns in the backseat. Defendant then tried to pull the backpack up to the front seat to put the gun inside, but, as he moved the bag forward, he accidentally put his finger on and then pulled the trigger, killing Wright.

The prosecutor paints a starkly different understanding of Wright's killing. Both men were involved in the drug trade and Wright was known to carry substantial amounts of cash. In the prosecutor's view, defendant robbed Wright, shot and killed him from pointblank range, and then conspired with his sister to cover up his crime.

-1-

Following trial, a jury convicted defendant of first-degree felony murder, MCL 750.316; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant as a fourth-offense habitual offender under MCL 769.12. As required by MCL 750.227b(3), the trial court first imposed a five-year term of imprisonment for second-offense felony-firearm; then it imposed a mandatory life without the possibility of parole (LWOP) sentence for the felony-murder conviction under MCL 750.316(1), as well as a concurrent sentence of 45 to 75 years' imprisonment for the felon-in-possession conviction. Defendant appeals by right, raising issues concerning his felony-murder conviction and his felon-in-possession sentence.

## II. ERRONEOUS JURY INSTRUCTION

A trial court must properly instruct the jury on the applicable law so that the jury can correctly decide the case. See *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018). "Jury instructions must include all elements of the charged offenses and any material issues, defenses, and theories if there is evidence to support them." *People v Czuprynski*, 325 Mich App 449, 456; 926 NW2d 282 (2018). At issue here is the trial court's explicit instruction to the jury—multiple times over—that accident is not a defense to felony murder (but was to the lesser-included count of second-degree murder).

## A. STANDARD OF REVIEW

We review de novo questions of law involving the application of jury instructions. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). "Reversal of a trial court's jury instruction decision is appropriate only where the offense was clearly supported by the evidence; an offense is clearly supported where there is substantial evidence to support it." *People v McMullan*, 488 Mich 922, 922 (2010). A defendant bears the burden of establishing "that the asserted instructional error resulted in a miscarriage of justice." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).

## B. ANALYSIS

Michigan does not have a "statutory felony-murder rule which allows the mental element of murder to be satisfied by proof of the intention to commit the underlying felony." *People v Aaron*, 409 Mich 672, 733; 299 NW2d 304 (1980). Instead, a felony-murder conviction requires the prosecution to show that the defendant "acted with intent to kill or to inflict great bodily harm or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm." *Id*. Specifically, in cases in which "the death was purely accidental, application of the felony-murder doctrine is unjust and should be precluded." *Id*. at 731. Intent to commit the underlying felony alone does not establish malice, and a defendant is "permitted to assert any of the applicable defenses relating to *mens rea* which he would be allowed to assert if charged with premeditated murder." *Id*. at 730.

The trial court's instructions were contrary to Supreme Court precedent. "Accident is a viable defense to murder . . . ." *People v Hawthorne*, 474 Mich 174, 178 n 2; 713 NW2d 724 (2006) (quotation marks and citation omitted). That is, following *Aaron*, a trial court errs when it refuses to give an accident instruction (if supported by the evidence) that would have permitted a

jury to acquit a defendant of felony murder. Cf. *People v Hess*, 214 Mich App 33, 39-40; 543 NW2d 332 (1995). To the prosecution's credit, it rightly concedes accident is a defense to first-degree felony murder.

This preserved, nonconstitutional error was also "outcome determinative" meriting retrial because it "undermines the reliability of the verdict." *People v Lukity*, 460 Mich 484, 495, 496; 596 NW2d 607 (1999) (brackets, quotation marks and citation omitted). One view of the facts is that defendant either intentionally fired the gun at Wright or so recklessly handled it by having his finger on the trigger just a few inches from Wright's head, thus demonstrating defendant acted with malice and rendering unsupported a defense of accident. *See Aaron*, 409 Mich at 731-733. But another is that defendant's killing of Wright was purely a split-second accident that occurred as a result of defendant mishandling the gun while attempting to follow Wright's instruction to place the gun in the backpack located in the backseat of the car.

In our view, a properly instructed jury could have determined defendant neither intentionally shot Wright nor created the unreasonable risk of harm when handling the gun. Indeed, that version of the events supported the trial court's accident instruction regarding second-degree murder that the prosecutor does not cross-appeal. Nor can we agree with the prosecutor that the trial court's jury instructions concerning the intent element of murder preclude a finding of accident. Contrary to other cases finding harmlessness, see, e.g., *Hawthorne*, 474 Mich at 185, the jury here was affirmatively told it had to consider defendant's felony-murder charge first, could not consider the second-degree charge with the accident defense unless it could not resolve on felony-murder, and that accident was not a defense many times over. That is materially different from presenting a jury with options for convictions *and* just omitting accident from consideration. See *id.* It is, moreover, evident the jury considered the instructions carefully, inquiring mid-deliberation whether defense of accident "superseded some other law." In sum, the accident instruction was crucial to defendant's defense, there was evidence to support it, and the trial court's refusal to give it resulted in a miscarriage of justice. *Id* at 181.

If the prosecutor elects to retry defendant, the trial court must instruct the jury about the defense of accident as to felony murder.

## III. OTHER ISSUES RAISED ON APPEAL

Having concluded the trial court's judgment must be vacated, we need not consider the other issues concerning his felony-murder conviction raised by defendant's counsel and in defendant's Standard 4 brief. That includes the sufficiency of the evidence supporting his felony-murder conviction (and a related great-weight challenge), the trial court's failure to give oral instructions at the conclusion of trial as required by MCR 2.513(N)(1), the trial court's ex parte communication with the jury during deliberations concerning the accident defense, and whether the prosecutor engaged in misconduct by misstating the accident-defense law.

But we must touch briefly on a sentencing issue. Defendant's felony-murder conviction resulted in a mandatory LWOP sentence. That notwithstanding, the trial court did not score the sentencing guidelines, including for being a felon-in-possession. On that conviction, the trial court imposed a 45-year minimum sentence, an at least seven-fold increase from the minimum

sentencing guidelines range of 24 to 76 months' imprisonment. See MCL 777.66. That was erroneous.

Although they are advisory, the trial court must still "determine the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). The guidelines "embody the principle of proportionality and trial courts must consult them when sentencing." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (quotation marks and citations omitted). Relevant considerations for determining whether a sentence is proportionate "include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *Id*. at 525 (citations omitted). "[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. (quotation marks and citations omitted).

The trial court's explanation fell short of these requirements. It is apparent that defendant's mandatory LWOP sentence for felony-murder truncated the trial court's explanation of its sentencing rationale. It acknowledged appropriate bases for a sentencing decision and noted defendant's "long history of violence" and his being out on parole for shooting his cousin just a few months before killing Wright. In the trial court's words, defendant was "an extremely dangerous individual," "a threat to the community," and one who "should never be allowed out in a free society." But it did not explain why his felon-in-possession sentence was more proportionate to defendant's offense and defendant than a different sentence would have been. See *id*. And as indicated, the trial court did not, as required, score the guidelines. Proper procedure matters, and defendant is entitled to resentencing on this offense.

We therefore vacate defendant's sentence for being a felon-in-possession.

### III. CONCLUSION

For these reasons, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Mark T. Boonstra
/s/ Anica Letica