*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FRANK ORVILLE BUSCHBACHER II,

Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 362797
Tuscola Circuit Court
LC No. 2021-015456-FC

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), and four counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a). The trial court sentenced defendant to 25 to 60 years' imprisonment for each CSC-I conviction, and 10 to 15 years' imprisonment for each CSC-II conviction, with the sentence for the first CSC-I conviction to be served consecutively to the other concurrent sentences. Defendant appeals as of right, challenging his convictions and his consecutive sentence. We affirm defendant's convictions, vacate the consecutive sentence, and remand for resentencing.

## I. FACTS

Defendant is the father of FB, who was born in 2006. Defendant and FB's mother ended their relationship when FB was two years old. Defendant's alcohol abuse prevented him from participating in consistent parenting time, and from 2012 to 2014, defendant's parenting time was suspended by the trial court in a separate custody action. However, from February 2014 through January 2018, when FB was approximately 7 through 12 years old, defendant once again was permitted supervised parenting time, which occurred at defendant's parents' home every other weekend. Although FB could not identify the exact dates of the abuse, he testified that defendant began abusing him shortly after these visits resumed.

FB testified that the first incident of abuse occurred when defendant joined him in the shower and forced him to touch defendant's penis and testicles. Similar incidents of abuse continued for the next several months with defendant joining FB in the shower, forcing FB to touch

-1-

defendant's penis and testicles, and defendant eventually also touching FB's penis in the shower. During one of these incidents in the shower, defendant inserted his penis into FB's anus. FB testified that he cried because of the pain and asked defendant to stop, and that defendant responded by punching FB in the head and verbally demeaning him.

FB testified that thereafter defendant on many occasions sexually assaulted him in the bedroom they shared by penetrating FB's anus with his penis. FB described a specific incident when he was eight or nine years old. Defendant became intoxicated while defendant and FB were in their shared bedroom with the door closed and the television on. FB testified that defendant hit him, ordered him to undress and lay on the bed, and then penetrated FB's anus with his penis. This caused FB's anus to bleed and caused FB to pass a bowel movement. Defendant hit FB in the head with his fist, demeaned him verbally, then struck FB repeatedly with a belt.

FB also testified regarding several incidents when defendant forced him to perform fellatio on defendant. FB described specifically two incidents during which defendant placed his penis in FB's mouth and then in his anus during the same incident. When FB vomited while being forced to participate in oral sex during one incident, defendant hit FB in the face, threw him on the bed, and threatened to kill FB.

FB testified that the abuse occurred more frequently in the first year of the visits, and estimated that defendant abused him approximately once a month. The abuse usually occurred at night, between 9:00 p.m. and 11:00 p.m., and typically when defendant had a "bad day" and was drinking. FB testified that defendant touched his penis at least five times and he touched defendant's penis at least five times, that defendant penetrated his anus at least five times, and that defendant forced him to perform fellatio at least five times. All the abuse occurred in the bathroom or bedroom at his grandparents' house. When FB refused to participate in the sexual acts, defendant threatened to kill FB and FB's family.

In 2018, FB refused to continue the visits with defendant. FB did not disclose the abuse until October 2020, during an argument with his mother. He testified he did not immediately disclose the abuse out of fear and embarrassment, and because defendant had threatened to kill FB's family.

Defendant was charged with 72 counts of CSC-I and CSC-II, and after a preliminary examination was bound over on all counts. The prosecution thereafter proceeded to trial against defendant on 10 counts of CSC-I and 10 counts of CSC-II, dismissing the remaining 52 counts in an effort to streamline the presentation of evidence and minimize trauma for the victim. Counts one through five alleged CSC-I with penetration of penis to anus, counts 6 through 10 alleged CSC-I with penetration of penis to mouth, and counts 11 through 20 alleged CSC-II. The Amended Information did not specify which factual allegations pertained to which count.

At the conclusion of trial, the trial court instructed the jury regarding the elements of CSC-I alleged in counts 1 through 10:

> The defendant is charged with the crime of first-degree criminal sexual conduct. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in a sexual act that involved as to counts 1 through 5, entry into [FB's] anal opening by the defendant's penis. . . .

And then as to counts 6 through 10, entry into [FB's] mouth by the defendant's penis. . . .

The trial court also instructed the jurors on counts 11 through 20 for CSC-II. The trial court then gave the following general unanimity instruction:

A verdict in a criminal case must be unanimous. In order to return a verdict, it is necessary that each of you agrees on that verdict, in the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up your own mind. Any verdict must represent the individual considered judgment of each juror.

Defense counsel stated that she had no objection to the instructions.

The next day during deliberations, the jury asked: "[D]oes a count equal the amount of times the defendant is accused of doing the act? One count equals one time?" The court indicated its intent to answer, "yes," and both parties stated that they had no objection. The jury deliberated for three days and at certain points expressed potential deadlock. Ultimately, the jury convicted defendant of counts one through four charging CSC-I (penetration of penis to anus), acquitted defendant of count five charging CSC-I (penetration of penis to anus), and acquitted defendant of counts 6 through 10 charging CSC-I (penetration of penis to mouth). The jury also convicted defendant of four counts of CSC-II, and acquitted him of the remaining six counts of CSC-II. The trial court sentenced defendant to 25 to 60 years' imprisonment for each CSC-I conviction, and 10 to 15 years' imprisonment for each CSC-II conviction, with the sentence for count one to run consecutive to the other sentences, which would run concurrently to each other. Defendant now appeals.

## II. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that his trial counsel was ineffective for failing to request a specific unanimity jury instruction and failing to object to the absence of the instruction. Defense counsel waived a claim of error regarding the instruction by approving of the jury instructions as given. See *People v Traver*, 502 Mich 23, 41; 917 NW2d 260 (2018). Because waiver extinguishes error, no error remains regarding the instruction for this Court to review. *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018).

A defendant preserves a claim of ineffective assistance of counsel by moving for a new trial or for a *Ginther*[1] hearing. *Id*. at 538-539. Because defendant in this case did not do so, we review his unpreserved challenge for error apparent on the record. *Id*. at 539. To demonstrate

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

-3-

ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome of the proceeding would have been different absent counsel's error. *People v Zitka*, 335 Mich App 324, 340-341; 966 NW2d 786 (2020). A reasonable probability is one that is sufficient to undermine confidence in the outcome. *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018).

A defendant has the right to a unanimous verdict and to have the jury instructed regarding the unanimity requirement. *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). A general unanimity jury instruction typically suffices. *People v Waclawski*, 286 Mich App 634, 679; 780 NW2d 321 (2009). The trial court is required to give a specific unanimity instruction, however, where the state offers evidence of alternative acts allegedly committed by the defendant as proof of the charge, and "1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt." *Cooks*, 446 Mich at 524. But "a specific unanimity instruction is not required in *all* cases in which more than one act is presented as evidence of the actus reus of a single criminal offense. Where materially identical evidence is presented with respect to each act, and there is no juror confusion, a general unanimity instruction will suffice." *People v Bailey*, 310 Mich App 703, 719; 873 NW2d 855 (2015) (quotation marks and citation omitted).

In this case, defendant was not tried on a single criminal offense with "more than one act . . . presented as evidence of the actus reus." *Id.*; see also *Cooks*, 446 Mich at 524. Rather, defendant in this case was charged with 20 separate counts of criminal sexual conduct based upon 20 separate incidents. The jury convicted defendant of four counts of CSC-I and four counts of CSC-II,[2] with each count representing a distinct incident of criminal sexual conduct. The victim testified regarding numerous specific, separate incidents of CSC-I based on penile-anal penetration and penile-oral penetration that occurred over the course of approximately three years. The victim also testified more generally, asserting that defendant sexually assaulted him once a month during that period in the bedroom and bathroom of his grandparents' home, typically between 9:00 p.m. and 11:00 p.m., and after defendant had been drinking.

In addition, in this case there was no reason that "the jurors might be confused or disagree about the factual basis of defendant's guilt." *Waclawski*, 286 Mich App at 679. The jury convicted defendant of four counts of CSC-I based on penile-anal penetration, which FB specifically described at trial. During deliberations, the jury asked the trial court whether each count alleged represented one act of CSC, and the trial court clarified to the jury that each count alleged a separate act of CSC. The jury expressed no further confusion on this point and is presumed to have followed the instructions given. See *Zitka*, 335 Mich App at 348.

Because the conditions warranting a specific unanimity requirement were not present in this case, the trial court did not err by failing to instruct the jury with a specific unanimity jury instruction. Because trial counsel is not ineffective for failing to make a futile objection or to

---

[2] Defendant's challenge on this issue focuses entirely on the CSC-I charges.

advance a meritless argument, *id*. at 341, defense counsel at trial was not ineffective for waiving a challenge to the jury instructions on that basis.

## B. CONSECUTIVE SENTENCE

The trial court sentenced defendant to 25 to 60 years' imprisonment for each CSC-I conviction, and 10 to 15 years' imprisonment for each CSC-II conviction. The court ordered the sentence for count one to run consecutive to the other sentences, which would run concurrently to each other. Defendant challenges the trial court's imposition of a consecutive sentence for count one on the basis that the trial court lacked authority to impose a consecutive sentence. The prosecution agrees that a consecutive sentence is not supported under the facts of this case.

Under Michigan law, a consecutive sentence cannot be imposed absent statutory authority to do so. *People v Baskerville*, 333 Mich 276, 289; 963 NW2d 620 (2020). Because the purpose of consecutive sentencing is deterrence, consecutive sentencing statutes are liberally construed to achieve the deterrent effect intended by the Legislature. *People v Parker*, 319 Mich App 410, 414-415; 901 NW2d 632 (2017). Whether a trial court may impose a consecutive sentence is a question of statutory interpretation, which this Court reviews de novo. *Id*. at 414.

MCL 750.520b(3) authorizes a trial court to impose consecutive sentencing in a case involving CSC-I in which multiple offenses arose from the "same transaction." *Bailey*, 310 Mich App at 723. The statute provides:

> The court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction. [MCL 750.520b(3).]

In this case, the trial court determined that defendant committed more than one offense arising from the same transaction on two occasions; specifically, that defendant twice penetrated FB's anus and forced FB to perform fellatio in the same transaction. The trial court stated:

> The Court spent the entire day yesterday listening to [FB's] testimony, recalling again what he testified to. The statute[,] MCL 750.520b(3)[,] . . . allows the Court to sentence someone consecutively for a conviction of criminal sexual conduct in the first degree if there [are] . . . multiple offenses which occur out of the same transaction.
>
> So, the Court for the benefit of the appellate court will specifically cite those [ portions of FB's] testimony. . . . [H]e indicated there was one situation where he and his father were taking a shower, his father penetrated him anally. After the shower, [they] went back into the . . . bedroom, 10 to 15 minutes, then [defendant] required him to perform oral sex. That's 2 acts, same transaction.
>
> There is a second event that [FB] testified to where he talked about being told to take off his clothes in the bedroom, he knew what to do, and laid on his stomach, took his clothes off, was anally penetrated by his father[.] [A]fter his father ejaculated, [a]nd then [FB] . . . had defecated, Dad went and took a shower,

came back in with clothes off, and required him to perform oral sex. So, those are two separate transactions which included two different offenses, two counts per offense, which constitute the same transaction. So, I am confident that the testimony, which also has three other specific incidents contained allows for a consecutive sentence in this case.

In this case, however, the jury acquitted defendant of counts 6 through 10 of the Amended Information, which alleged penis to mouth penetration. The trial court therefore was not permitted to consider the charged conduct of counts 6 through 10 in sentencing defendant. See *People v Beck*, 504 Mich 605, 626-627; 939 NW2d 213 (2019) ("When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. . . . [C]onduct that is protected by the presumption of innocence may not be evaluated using the preponderance-of-the-evidence standard without violating due process" (footnotes omitted)). Accordingly, the trial court did not possess the statutory authority to impose consecutive sentences in this case, and erred by doing so.

We affirm defendant's convictions, vacate his sentence on count one, and remand for resentencing on that count consistent with this opinion. We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray