*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

IKE LEE-ROBERT KINSINGER,

        Defendant-Appellant.

UNPUBLISHED
September 19, 2024

No. 364639
Alger Circuit Court
LC No. 2021-002468-FH

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of resisting or obstructing a police officer, MCL 750.81d. We affirm.

## I. BACKGROUND

Defendant fell asleep in his running car in front of a fuel pump at a gas station in Munising. An employee at the gas station, concerned for defendant's welfare, called 911. Police arrived at the gas station, blocked defendant's car, and went to speak with him. Defendant was belligerent, insisting that he had done nothing wrong and refusing to answer any questions regarding where he came from, where he was going, or why he was asleep with his car running. The confrontation continued to escalate, and the police forcibly removed defendant from his car and threatened to tase him. Defendant was ultimately found guilty of resisting and obstructing but not guilty of operating while intoxicated, MCL 257.625(1)(a).

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that he was guilt of resisting or obstructing a police officer. We disagree.

This Court reviews de novo challenges to the sufficiency of the evidence. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019).

-1-

"Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt." *People v Tombs*, 260 Mich App 201, 206-207; 679 NW2d 77 (2003), aff'd 472 Mich 446 (2005). To decide "whether sufficient evidence has been presented to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). "Circumstantial evidence and reasonable inferences drawn from it may be sufficient to establish the elements of a crime. Minimal circumstantial evidence is sufficient to prove an actor's state of mind." *People v Fennell*, 260 Mich App 261, 270-271; 677 NW2d 66 (2004). "It is the province of the jury to determine questions of fact and assess the credibility of witnesses . . . ." *People v Odom*, 276 Mich App 407, 419; 740 NW2d 557 (2007) (quotation marks and citation omitted).

Resisting or obstructing a police officer is governed by MCL 750.81d, which provides in relevant part:

> (1) . . . [A]n individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony . . . .
>
> * * *
>
> (7) As used in this section:
>
> (a) "Obstruct" includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command.
>
> (b) 'Person' means any of the following:
>
> (*i*) A police officer of this state or of a political subdivision of this state . . . .

Accordingly, conviction of this crime requires proof beyond a reasonable doubt of the following elements: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer"; "(2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties"; and (3) "the officers' actions were lawful." *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (quotation marks and citations omitted).

> [W]hen the lawfulness of police action is an element of a criminal offense, a court reviewing a challenge to the sufficiency of the evidence supporting a conviction must view the facts in the light most favorable to the prosecution and then determine whether, as a matter of law, an officer's actions were "lawful" in light of those facts. Under this test, a conviction will be overturned only when an officer's conduct cannot be reasonably perceived as lawful when viewed under a lens sufficiently deferential to that conduct. [*People v Prude*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 165664); slip op at 9.]

"MCL 750.81d is designed to protect persons in the identified occupations, MCL 750.81d(7)(b), who are lawfully engaged in conducting the duties of their occupations, from *physical* interference or the threat of *physical* interference." *People v Morris*, 314 Mich App 399, 411; 886 NW2d 910 (2016) (emphasis added). "Obstructing an officer through a 'knowing failure to comply with a lawful command' requires some physical refusal to comply with a command, as opposed to a mere verbal statement of disagreement." *Id*. at 409 n 6. "Additionally, the duration of the resistance or the mental state of defendant at the time is of no import, as resistance can occur in even the briefest of moments, and the statute does not require that defendant be found to be free of any mitigating motivation." *Id*. at 414-415.

## A. LEGALITY OF DETAINMENT

The police had reasonable suspicion to detain defendant for an investigatory stop because there were particularized reasons to believe that defendant was operating his vehicle while intoxicated.

The prosecution does not dispute that the police detained defendant when they blocked his car. See generally *People v Duff*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 163961); slip op at 5-14 (holding that the defendant was seized for the purposes of the Fourth Amendment when the police partially blocked his car, exited their car, and approached him). Rather, the prosecution contends that this warrantless detention was legal. There are circumstances in which it is permissible for the police to warrantlessly detain a person. As our Supreme Court recently explained:

> Under *Terry*,[1] an officer can detain a citizen for a brief investigatory stop if the officer has "reasonable suspicion" that the citizen is engaged in, or is about to be engaged in, criminal activity. While the level of suspicion required for a *Terry* seizure is less than that required for probable cause to arrest, an officer must have more than an inchoate or unparticularized suspicion or "hunch." Rather, a *Terry* seizure is only lawful if an officer has an objectively reasonable *particularized* suspicion that the specific individual being stopped is engaged in wrongdoing. Whether this standard is met in a particular case is fact-specific and requires an analysis of the totality of the circumstances known by the officer when the seizure occurred. [*Prude*, ___ Mich at ___; slip op at 7-8 (quotation marks, citations, and alterations omitted).]

Defendant argues that the police officer's "hunch" that defendant was engaged in criminal activity was based only on the sight of defendant "peacefully sitting in a lawfully-parked car in the parking lot of a store that was open to the public." Defendant cites Michigan Supreme Court precedent for the proposition that "[a] lone automobile idling in a darkened parking lot late at night does not, without more, support a reasonable suspicion of criminal activity." *People v Freeman*, 413 Mich 492, 496; 320 NW2d 878 (1982). This is certainly an accurate statement of the law, but the present case did involve more than a car idling in a parking lot. Defendant was idling at a gas

---

[1] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

station fuel pump, without ever pumping fuel, and had been asleep there for more than an hour. An employee eventually called 911 out of concern for defendant's welfare because he had not been moving and had his window open despite it being cold and snowy. Moreover, the deputy had been informed by a paramedic that defendant appeared to be under the influence of alcohol or drugs. These circumstances, when taken together, provided the police with particularized reasons to suspect that defendant had driven to the gas station while intoxicated.

Therefore, the police acted lawfully when they initially detained defendant.

## B. LEGALITY OF ARREST

The police lawfully placed defendant under arrest because they had probable cause to believe that defendant was guilty of operating while intoxicated.

A defendant cannot be convicted of resisting or obstructing a police officer if the conviction arises from the resistance of an unlawful arrest. See *Vandenberg*, 307 Mich App at 70. "For an arrest to be lawful, the police officer making the arrest must have probable cause, either that a felony or misdemeanor was committed by the individual in the officer's presence, or that a felony or specified misdemeanor (i.e., a misdemeanor punishable by imprisonment for more than 92 days) occurred outside the officer's presence and that the individual in question committed the offense." *Id*. at 69. The term "probable cause" refers to "when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to believe that an offense had been or is being committed." *People v Chapo*, 283 Mich App 360, 366-367; 770 NW2d 68 (2009) (quotation marks and citation omitted). This is an objective inquiry, and the police officer's state of mind is irrelevant. *Id*.

Defendant argues that there was insufficient evidence to find him guilty of resisting and obstructing because he had a reasonable basis to believe that the arrest was unlawful. However, resolution of this issue requires an objective inquiry into the actual lawfulness of the police actions, not a subjective inquiry into defendant's perception of the lawfulness of the police actions. MCL 750.81d(1) requires that a defendant know that they are resisting or obstructing a police officer who "is performing his or her duties," but it has no requirement that the defendant know that the duties are being performed lawfully.

The arrest was lawful because the police had probable cause to believe that defendant was guilty of operating while intoxicated (OWI), MCL 257.625(1). Because OWI is a misdemeanor punishable by up to 93 days' imprisonment, MCL 257.625(9), a warrantless arrest for this crime was lawful regardless of whether it was committed in the presence of the arresting officer. See *Vandenberg*, 307 Mich App at 69. All of the circumstances listed in the discussion of the initial detainment are equally applicable to the analysis of defendant's arrest; defendant had fallen asleep at a fuel pump with his car running for 90 minutes, the employee could not get defendant to wake up, and the paramedics told the police that defendant seemed to be intoxicated. When the police approached defendant, he was belligerent and became irrationally combative with the deputies, suggesting decreased inhibitions. Moreover, a deputy testified that defendant seemed to be slurring his words, further suggesting the influence of an illicit substance. Taken together, these circumstances were sufficient for a rational jury to find that the police had probable cause to

believe defendant was guilty of OWI and that the arrest was therefore lawful. Accordingly, the evidence was sufficient to establish that defendant did not have the right to resist arrest.

## C. ACTUAL RESISTANCE

The record is sufficient to establish that defendant engaged in actual, physical resistance of lawful police commands.

Defendant argues that there is insufficient evidence to sustain a conviction of resisting or obstructing because he never actually resisted the officers; instead, he simply "exercised his First Amendment right to verbally question police action." However, the body camera footage makes clear that defendant's failure to obey lawful commands involved more than "a mere verbal statement of disagreement." *Morris*, 314 Mich App at 409 n 6. Following the lawful detainment, defendant refused a lawful command to produce identification. He then initially refused to comply with a lawful command to turn off his truck, and he refused lawful commands to step out of his truck. At one point he seemed to lock himself in the truck. He did not leave the truck until the deputy opened the door and threatened to force him out. Finally, the body camera footage showed defendant actively resisting the officers' attempt to place him in handcuffs to the point that they threatened him with a taser. This evidence was sufficient to support defendant's conviction.

## III. JURY INSTRUCTIONS

Defendant argues that his trial counsel rendered ineffective assistance by failing to request instructions relating to his right to resist an unlawful arrest. We disagree.

Claims of ineffective assistance of counsel present mixed questions of fact and law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). Factual findings are reviewed for clear error and legal conclusions are reviewed de novo. *Id*.

"To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability exists that the outcome of the proceeding would have been different but for trial counsel's errors." *Id*. at 539 (quotation marks, citation, and alteration omitted). "[A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018).

This claim of error arises from the alleged failure to request a necessary jury instruction. At the conclusion of a trial, the court is required to "instruct the jury as required and appropriate . . ." MCR 2.513(N)(1). The trial court "must properly instruct the jury so that [the jury] may correctly and intelligently decide the case. The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018) (quotation marks and citations omitted). "A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *People v Rodriguez*, 463 Mich 466, 472; 620 NW2d 13 (2000) (quotation marks and citation omitted). However, even flawed instructions "do not create error if they fairly present to the jury the issues tried and sufficiently

protect the defendant's rights." *People v Bartlett*, 231 Mich App 139, 143-144; 585 NW2d 341 (1998).

Defendant does not dispute that the appropriate model jury instructions were accurately presented to the jury. Rather, defendant argues that the court should have provided a special instruction "to clarify that an officer's actions can cause an arrestee to reasonably believe the arrest was unlawful." However, as discussed in section II.B, this is not an accurate statement of the law; the issue is whether the arrest was lawful, not whether defendant believed the arrest was lawful. The court did instruct the jury that one of the elements of resisting or obstructing is that the officer gave "a lawful command, was making a lawful arrest, or was otherwise performing a lawful act." Defense counsel cannot be faulted for declining to make a futile request. See *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003). As discussed above, this is an accurate statement of the law regarding the lawfulness of police actions for the purpose of proving the crime of resisting or obstructing a police officer. See *Vandenberg*, 307 Mich App at 68.

Therefore, defendant has failed to establish a claim of ineffective assistance of counsel stemming from the jury instructions.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado