*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RADEESHA DENAE PORTER,

      Defendant-Appellant.

UNPUBLISHED
July 14, 2025
10:02 AM

No. 370310
Kalamazoo Circuit Court
LC No. 2023-001873-FH

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right her jury-trial conviction of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a domestic disturbance on October 1, 2023, at 4:45 a.m. in the city of Kalamazoo. Defendant called the Kalamazoo Department of Public Safety to remove her boyfriend from the house in question. Two officers ultimately responded to the scene, both of whom testified at trial; footage from their body cameras was also admitted into evidence. According to that testimony and evidence, when the first of the two officers—Officer Travis Cutler—arrived, defendant was on the first floor of the house and her boyfriend was upstairs. Defendant was very upset and was yelling over Officer Cutler as he spoke. After speaking with defendant, Officer Cutler went upstairs and spoke to the boyfriend, who agreed to leave the house and began to gather his things. While Officer Cutler was upstairs with the boyfriend, a second officer—Officer Stephen Romano—arrived. After speaking with Officer Cutler, Officer Romano took up a position at the base of the stairs near the front door; the officers testified that their aim was to secure the boyfriend's exit from the house without the situation escalating into a physical confrontation between the boyfriend and defendant. Defendant grew increasingly upset and began to yell at Officer Romano to leave the house. As Officer Cutler descended the stairs with the boyfriend following behind, defendant began accusing the boyfriend of taking items that belonged to her. The officers asked defendant multiple times to stay back, but defendant repeatedly pushed or bumped up against Officer Romano and, as the boyfriend came down the stairs, she appeared

to reach out to grab at the boyfriend. Officer Romano pushed defendant back to keep her from grabbing the boyfriend, at which point defendant shoved Officer Romano with both hands. Officer Romano then tackled defendant to the ground, and the officers forced her into handcuffs and placed her under arrest.

Defendant was charged with two counts of resisting, obstructing, or assaulting a police officer—one count for each officer. At trial, defendant argued that she did not initiate physical contact with the officers and that she was arrested merely because she was yelling loudly and annoying them. Defendant did not testify at trial, but the boyfriend did, explaining that he did not see defendant push Officer Romano or resist the officers as they handcuffed her, but also acknowledging that he did not have a complete view of these events and his memory of them may have been impaired due to his intoxication at the time. The jury found defendant guilty as to Officer Romano but not guilty as to Officer Cutler. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the evidence was insufficient to support her conviction of assaulting, resisting, or obstructing Officer Romano. We disagree.

"In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted). This "standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id*. (quotation marks and citation omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citation omitted).

To prove defendant guilty of the offense charged in this case, the prosecution was required to demonstrate beyond a reasonable doubt that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (quotation marks and citation omitted). Additionally, as a third element of the offense, the prosecution must prove that the officer at issue was performing his or her duties lawfully. See *id*., citing *People v Moreno*, 491 Mich 38, 51-52; 814 NW2d 624 (2012).

Defendant broadly claims that the evidence was legally insufficient as to the first and third elements of the charged offense. Defendant contends that a jury could not have found beyond a reasonable doubt that she resisted, assaulted, or obstructed Officer Romano because she merely yelled at him, she had no weapon, she did not prevent her boyfriend from leaving the home, and she did not initiate physical contact with the officer. Defendant also claims that a jury could not have found beyond a reasonable doubt that Officer Romano was acting lawfully because he had no reason to arrest her.

The record, viewed as a whole, does not support defendant's version of events. Officer Romano testified that defendant, despite being told multiple times to stay back, made repeated contact with him in trying to go up the stairs to reach the boyfriend, and that defendant attempted to grab at the boyfriend as he was being led down the stairs. Officer Romano then blocked defendant from grabbing the boyfriend, and defendant shoved the officer in response. This version of events is supported by Officer Cutler's testimony and is consistent with the body camera recordings that were admitted into evidence. While the boyfriend testified that he did not see defendant shove Officer Romano, his testimony on that point was admittedly uncertain and the verdict reflects that the jury did not find it credible—an assessment to which we must defer. See *Oros*, 502 Mich at 239. Defendant does not meaningfully acknowledge the evidence presented at trial that she repeatedly pushed up against and then shoved Officer Romano, and she does not explain—nor do we see—why that evidence, when viewed in the light most favorable to the prosecution, would be insufficient to satisfy the first element of the charged offense.

Defendant has also failed to show that the evidence was insufficient to prove that Officer Romano was performing his duties lawfully. "The police perform a variety of functions that are separate from their duties to investigate and solve crimes. These duties are sometimes categorized under the heading of 'community caretaking' or 'police caretaking' functions." *People v Davis*, 442 Mich 1, 20; 497 NW2d 910 (1993). Such caretaking duties include managing the scene of an incident, ensuring individuals' safety, and keeping the peace. See *People v Corr*, 287 Mich App 499, 505; 788 NW2d 860 (2010). In this case, defendant called law enforcement to remove her boyfriend from the house that they were both in at the time. Evidence presented at trial showed that, at the scene, defendant was upset and yelling, was accusing the boyfriend of attempting to take things that were hers, and was trying to grab at the boyfriend as he was leaving. Under the circumstances, keeping the peace and ensuring the safety of all parties at the scene fell within the officers' lawful caretaking duties, see *Corr*, 287 Mich App at 505, and the evidence amply supported the conclusion that Officer Romano was acting consistently with those duties in seeking to prevent defendant from escalating the situation into a physical confrontation with the boyfriend.

In sum, the evidence presented in this case, when viewed in the light most favorable to the prosecution, was more than sufficient to prove defendant's guilt of the charged offense against Officer Romano beyond a reasonable doubt. See *Oros*, 502 Mich at 239.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that she was denied the effective assistance of trial counsel due to counsel's failure to request a jury instruction regarding the police officers' legal authority to act. We disagree.

Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews any factual findings for clear error and reviews de novo questions of constitutional law. *Id.* An evidentiary hearing was not requested or conducted on this issue, and so this Court's review is limited to whether error is apparent on the existing record. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *People v Spaulding*, 332 Mich App 638, 656; 957 NW2d 843 (2020).

"Criminal defendants are entitled to the assistance of counsel under both the Michigan and United States Constitutions." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023). Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). To prevail on a claim of ineffective assistance, a defendant must "show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that [the] outcome [of the defendant's trial] would have been different." *Yeager*, 511 Mich at 488 (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotation marks and citation omitted).

"A defendant in a criminal trial is entitled to have a properly instructed jury consider the evidence against him or her." *People v Guajardo*, 300 Mich App 26, 34; 832 NW2d 409 (2013) (quotation marks and citation omitted). "The instruction to the jury must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *People v Traver*, 502 Mich 23, 31; 917 NW2d 260 (2018) (quotation marks and citations omitted). "[F]ailure to request a jury instruction may constitute an unreasonably deficient level of performance." *Yeager*, 511 Mich at 490.

As discussed above, whether Officer Romano's actions were lawful is an element of the offense for which defendant was charged and convicted in this case. See *Vandenberg*, 307 Mich App 68. This was duly reflected in the trial court's instructions to the jury on the charge, which—consistent with M Crim JI 13.1—included that "the prosecutor must prove . . . beyond a reasonable doubt . . . that Stephen Romano gave the Defendant a lawful command, was making a lawful arrest or was otherwise performing a lawful act." Defendant argues, however, that because her strategy at trial was to contest the lawfulness of the officers' actions in arresting her, defense counsel was ineffective for not asking the trial court to further instruct the jury on that element of the offense. To support this claim, defendant relies on Use Note 4 to M Crim JI 13.1, which advises that, when instructing a jury on the offense at issue, "the court should provide detailed legal instructions regarding the applicable law governing the officer's legal authority to act." As an appropriate additional instruction, defendant cites, without elaboration, M Crim JI 13.5,[1] which generally describes an officer's authority to perform an arrest.

---

[1] M Crim JI 13.5 provides for the choice, in part, of one of the following:

> (1) An arrest is legal if it is made by an officer relying on an arrest warrant for the defendant issued by a court.
> (2) An arrest is legal if it is made [describe circumstances for a warrantless arrest found in MCL 764.15, 764.15a, 764.15b, 764.15e, 769.15f].
> "Reasonable cause" means having enough information to lead an ordinarily careful person to believe that the defendant had committed a crime.
> (3) An arrest is legal if it is made by an officer for [state other basis].
> It is not necessary for you to find the defendant guilty of that crime in order to find that the arrest is legal.

While defendant may well have been entitled to further instruction on the lawfulness element of the charged offense had counsel requested it, see *People v Carroll*, ___ Mich ___; 8 NW3d 576 (2024) (Docket No. 166092), defendant has not demonstrated that counsel was ineffective for failing to make such a request in this case. Defendant gestures toward M Crim JI 13.5 as the instruction counsel should have requested, but she makes no effort to articulate what exactly that instruction should have stated in this case, nor how a proper instruction to that effect would have aided her in establishing unlawful conduct by the officers. Indeed, a more detailed instruction on the scope of the officers' legal authority in this case may have only served to clarify and reinforce for the jury that such authority included the community-caretaking functions discussed above, thereby potentially undermining rather than aiding defendant's attempt to characterize the officers' conduct as unlawful.

Defendant maintains that the jury was confused about the court's instructions regarding the charged offense, which shows that more detailed instructions were in fact needed here and counsel was ineffective for not requesting them. In support, defendant points to the fact that, while the jury was deliberating, it requested the definitions of "resisted," "obstructed," and "opposed." This request, however, is plainly focused on the first element of the charged offense, and does nothing to suggest confusion about the third, *lawfulness* element of that offense. Nor does it lend any support to the notion that, had the jury been provided a more detailed instruction on the lawfulness element, there is a reasonable probability that such an instruction would have proven helpful to defendant or affected the outcome of the case in her favor. See *Yeager*, 511 Mich at 488.

Accordingly, defendant has failed to show that she was denied the effective assistance of counsel due to her counsel's failure to request an additional jury instruction on the applicable law regarding the lawfulness of her arrest.

Affirmed.

/s/ Mark T. Boonstra
/s/ James Robert Redford
/s/ Philip P. Mariani