*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES LAWRENCE LEWIS,

        Defendant-Appellant.

UNPUBLISHED
April 13, 2026
1:40 PM

No. 369283
Kent Circuit Court
LC No. 23-001369-FC

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of assault with intent to murder (AWIM), MCL 750.83; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). We remand for an evidentiary hearing on defendant's claim that his trial counsel was ineffective when he failed to request an instruction for assault with intent to do great bodily harm less than murder (AWIGBH) and did not to object when the trial court failed to orally instruct the jury on certain final jury instructions.

## I. BACKGROUND

On January 15, 2023, defendant went to the home of Nathaniel Phillips and Jalina Robinson. Defendant and Robinson had two children together. After defendant arrived, Robinson spoke with him outside. Robinson then went inside to ask Phillips to come outside and join in the conversation, but defendant followed Robinson inside and upstairs to where Phillips was lying in bed. Phillips was undressed, and upon seeing defendant, Phillips insisted that he be "allowed" to put on some clothes. Robinson, afraid that something was wrong, told her children to grab their jackets and shoes and leave the house. Once the children were outside, Robinson followed. Meanwhile, Phillips went to the bathroom to get dressed and, while there, called 911 because he noticed that defendant had a gun. Phillips reported to 911 that he had heard gunshots, which was not true. Police arrived, and as officers were speaking with Robinson outside, Phillips fled the

-1-

home while defendant shot at him four times, hitting him once in the back.[1] Officers took Phillips to the hospital for treatment, and defendant eventually surrendered himself to police. Defendant was charged with AWIM, felon-in-possession, felony-firearm, and first-degree home invasion. The jury found defendant not guilty of home invasion but guilty of the remaining offenses.

This appeal followed

## II. *BRADY* VIOLATION

Defendant first argues that the prosecution committed a *Brady*[2] violation by suppressing impeaching evidence.

A *Brady* violation implicates a defendant's right to due process, and we review de novo whether a defendant's right to due process was violated. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007).

To establish a *Brady* violation, a defendant must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the favorable evidence was material. *People v Burger*, 331 Mich App 504, 517; 953 NW2d 424 (2020).

At issue is the prosecution's failure to disclose that Phillips had a conviction for an offense that included an element of dishonesty, which defendant could have used at trial to attack Phillips' credibility pursuant to MRE 609(a)(1). Defendant claims that his trial counsel requested this information before trial, but the prosecution failed to disclose it.[3] The parties do not seem to dispute that the first two elements of a *Brady* violation are satisfied, and the issue on appeal centers around whether the favorable evidence that the prosecution failed to disclose was material.

Evidence is material for purposes of *Brady* if there is a reasonable probability that the result of the proceeding would have differed had the evidence been disclosed. *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citation omitted). The determinative inquiry is whether the defendant received a fair trial that "result[ed] in a verdict worthy of confidence." *Id*. at 150-151 (quotation marks and citation omitted).

We conclude that there is not a reasonable probability that disclosure of Phillips' prior conviction would have resulted in a different outcome at defendant's trial. There is no dispute that defendant shot Phillips in the back as he was running out of the home. Defendant admits as much

---

[1] The jury was shown dashcam and bodycam videos that apparently captured a portion of the shooting. This Court requested these videos and received footage in response, but that footage appears unrelated to this case.

[2] *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963).

[3] The prosecution does not seriously contest that it failed to disclose Phillips' prior conviction; the prosecution merely contends that "it has been the habit of the assigned prosecutor to this case to provide" this information prior to trial.

but contends that Phillips' testimony was critical for establishing defendant's intent in shooting Phillips because Phillips' was the only testimony establishing what occurred before the shooting. Defendant posits that, if the jury had reason to question Phillips' credibility, then it could have disbelieved Phillips "self-serving testimony" that he did not have a gun and there was no physical altercation between him and defendant before he was shot. It is not apparent what is self-serving about this portion of Phillips' testimony, but regardless, even if the jury did not believe any of Phillips' testimony,[4] that would not be affirmative evidence that Phillips *had* a gun or that there *was* a physical altercation between Phillips and defendant such that defendant could claim self-defense. The jury had to decide the case on the basis of the evidence, and not knowing whether Phillips had a gun or whether there was a physical altercation between Phillips and defendant is not evidence—it is the absence of evidence. It follows that, to any extent that hearing about Phillips' prior conviction for a crime that involved an element of dishonesty may have caused the jury to question Phillips' credibility, there is still not a reasonable probability that the outcome of defendant's trial would have been different.[5]

## III. INEFFECTIVE ASSISTANCE

Defendant also raises a variety of ineffective-assistance-of-counsel claims.

"[W]hether a defendant has been denied effective assistance of counsel is a mixed question of fact and law—the trial court's factual findings supporting its decision are reviewed for clear error, while the court's determination of whether those facts violated the defendant's right to the effective assistance of counsel is reviewed de novo." *People v Haynes*, 338 Mich App 392, 429; 980 NW2d 66 (2021). While defendant here moved for an evidentiary hearing to expand the record, he failed to obtain one, "so there are no factual findings to which this Court must defer, and this Court's review is instead limited to errors apparent on the record." *Id*.

To establish a claim of ineffective assistance, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Effective assistance is "strongly

---

[4] As the prosecution notes, the jury already had reason to question Phillips' credibility because, while testifying, Phillips admitted that he falsely reported gunshots to 911.

[5] Defendant alternatively argues that his trial counsel was ineffective for failing to investigate and present evidence of Phillips' prior conviction. But defendant's trial counsel *did* investigate Phillips' prior convictions—he asked the prosecution for this information. Concomitant with counsel's duty to make reasonable investigations is a duty "to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Deciding that a particular investigation is unnecessary is "reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. (quotation marks and citation omitted). Considering that the prosecution had a duty to disclose favorable evidence, it was patently reasonable for defendant's trial counsel to conclude that further investigation into Phillips' prior convictions was unnecessary after he requested this information from the prosecution.

presumed," *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), and the defendant bears the burden of overcoming this presumption, *People v Dixon*, 263 Mich App 393, 396; 688 NW2d 308 (2004). "If this Court can conceive of a legitimate strategic reason for trial counsel's act or omission, this Court cannot conclude that the act or omission fell below an objective standard of reasonableness." *Haynes*, 338 Mich App at 429-430.

## A. ROBINSON'S TESTIMONY

Defendant first contends that his trial counsel was ineffective for failing to object to Robinson's testimony during cross-examination that defendant had "a history, like he would hurt somebody." To understand why it was objectively reasonable for defendant's trial counsel to not object to this testimony, it is necessary to provide the context in which this statement was made.

When Robinson made the challenged statement, defendant's trial counsel was asking Robinson about her relationship with defendant and whether he ordinarily had permission to come into Robinson's home. In response to defendant's trial counsel's question, Robinson confirmed that she previously told defendant that they did not need to "yell through" the door. Defendant's trial counsel then asked Robinson whether she would "consider that permission to come in," to which Robinson replied:

> I would—I consider permission is when you're not coming in to harm anybody. You know what I mean? We look at him at—like a protector. I've always—regardless of what me and [defendant] have been through, I always looked at him like if I needed help or protection, that he would be there. You know what I mean?
>
> So, I never looked at it like he would harm me or my kids, but if—I don't know. Like he does, *like he has a history, like he would hurt somebody*. So, [it] just all depends for me, like as long as nobody's coming in my house to disrespect anybody in my household, you're more than welcome.
>
> You—you're family, if you have family here. You know what I mean? So, I never looked at it as if, you know, oh, [defendant was] going to come here and—and shoot up the house. No. I would never think that. That's never something I would think. [Emphasis added.]

Defendant's trial counsel did not object to the emphasized testimony but continued questioning Robinson. In response to counsel's following two questions, Robinson agreed that, if she knew what was going to happen on the night of the shooting, she would not have given defendant permission to come in, but "before [she] knew what happened," she "gave him permission to come in." The jury acquitted defendant of first-degree home invasion.

Given the context in which Robinson made the statement, it was objectively reasonable for defendant's trial counsel to not object to Robinson's testimony that defendant "has a history, like he would hurt somebody." Much of Robinson's testimony surrounding this statement cast defendant in a favorable light, describing him as "a protector" and someone that Robinson would look to if she "needed help or protection." Robinson also stressed that she did not view defendant

-4-

as a danger to herself or her kids. In the middle of this favorable testimony, Robinson said that defendant "has a history, like he would hurt somebody." If defendant's trial counsel had objected to this testimony, it would have highlighted it for the jury, likely causing the jury to focus more on the harmful testimony than the testimony that painted defendant in a favorable light. There "are times when it is better not to object and draw attention to an improper comment," *People v Bahoda*, 448 Mich 261, 287 n 54; 531 NW2d 659 (1995), and this was clearly one of those times. That is especially true because, as the prosecution observes, Robinson's now-challenged testimony occurred while defendant's trial counsel was in the middle of eliciting Robinson's testimony that defendant had her permission to be in her home. For these reasons, we conclude that defendant has not established that his trial counsel's failure to object to Robinson's testimony that defendant "has a history, like he would hurt somebody" fell below an objective standard of reasonableness.

## B. LESSER INCLUDED OFFENSE

Defendant next contends that his trial counsel provided ineffective assistance when he failed to ask the trial court to instruct the jury on AWIM's lesser included offense of AWIGBH.[6]

A trial court is required to give a jury instruction that is requested and "supported by the evidence." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). It is proper to give a requested instruction on a necessarily included lesser offense "if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense," and the evidence supports giving the instruction for the lesser included offense. *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). AWIGBH is a lesser included offense of AWIM, *People v Brown*, 267 Mich App 141, 151; 703 NW2d 230 (2005), the distinction being that the requisite intent of each—"AWIM requires an actual intent to kill," while AWIGBH requires an intent to do great bodily harm, *People v Everett*, 318 Mich App 511, 529; 899 NW2d 94 (2017).

A rational view of the evidence supported giving an instruction for AWIGBH if one was requested. While a rational juror could certainly conclude that the evidence established that defendant intended to kill Phillips, there was no evidence that tended to rule out the possibility that defendant intended to seriously injure Phillips short of killing him.

Despite this, it does not appear that defendant's trial counsel requested an instruction for AWIGBH, and it is unclear why.[7] It is possible that the reason was trial strategy. At the close of

---

[6] Defendant also argues that the trial court substantively erred by failing to give this instruction to the jury. There is nothing in the record establishing that defendant's trial counsel requested this instruction, however. Defendant's appellate counsel represents that jury instructions were discussed in chambers, and during that discussion, defendant's trial counsel requested an AWIGBH instruction. Because we are remanding this issue for an evidentiary hearing, whether this is true or not will presumably be established at that hearing.

[7] Again, we acknowledge that defendant's appellate counsel represents that an instruction for AWIGBH was requested in chambers, but our review is "limited to errors apparent on the record," *Haynes*, 338 Mich App at 429, and on the current record, it does not appear that defendant's trial counsel requested an instruction for AWIGBH.

the second day of trial, the parties discussed the possibility of defendant requesting an AWIGBH instruction, and the prosecutor noted that, if the jury convicted defendant of AWIGBH, he would still be subject to the 25-year mandatory minimum sentence as a fourth-offense habitual offender under MCL 769.12(1)(a). It is therefore possible that defendant's trial counsel deliberately decided to not request an instruction for AWIGBH with the hope that the jury would conclude that the evidence did not support that defendant had an intent to kill Phillips and thus acquit defendant of AWIM with no option to convict him of a lesser included offense. Defendant, however, casts doubt on the notion that his trial counsel deliberately chose not to request an AWIGBH instruction with defendant's representation on appeal that his trial counsel requested an instruction for AWIGBH in chambers and off the record.

So, rather than guess, we remand this issue for an evidentiary hearing to get to the bottom of the matter. During the evidentiary hearing, the trial court will be able to hear and make factual findings as to why defendant's trial counsel did not request an instruction for AWIGBH, or whether counsel did, in fact, request such an instruction in chambers.[8]

## C. ORAL JURY INSTRUCTIONS

Lastly, defendant contends that his trial counsel provided ineffective assistance when he did not object after the trial court, during final instructions, failed to orally instruct the jury on the presumption of innocence, burden of proof, reasonable doubt, and the elements of the offenses.[9]

The trial court must properly instruct a jury. *People v Czuprynski*, 325 Mich App 449, 456; 926 NW2d 282 (2018). MCR 2.513(N)(1) provides, in relevant part, "After closing arguments are made or waived, the court must *orally* instruct the jury as required and appropriate, but at the discretion of the court, and on notice to the parties, the court may orally instruct the jury before the parties make closing arguments." (Emphasis added.) Previously, our court rules did not specify that final jury instructions needed to be provided orally, but our Supreme Court in *People v Traver*, 502 Mich 23, 35; 917 NW2d 260 (2018), held that, despite this omission, "the court rules

---

[8] We acknowledge that the trial judge who originally presided over defendant's trial has since retired, so this evidentiary hearing will be conducted by that trial judge's successor. For clarity, if it is established that defendant's trial counsel requested an instruction for AWIGBH in chambers, the issue on remand is still whether defendant's trial counsel provided ineffective assistance of counsel. The trial court should not reach the substantive issue of whether it erred by not providing an AWIGBH instruction because, if counsel requested the instruction and it was denied, the trial court technically already made its ruling (albeit off the record and by a different judge). That substantive issue will be addressed by this Court after remand if necessary.

[9] Defendant also argues that the trial court substantively erred by failing to orally instruct the jury during final jury instructions. This issue, however, is waived. After the trial court instructed the jury, it asked both parties whether they had any objections to the instructions, and defendant's trial counsel responded, "None." By indicating that he had no objections to the final instructions, defendant's trial counsel waived any substantive error with respect to those instructions. See *People v Kowalski*, 489 Mich 488, 504-505; 803 NW2d 200 (2011). See also *People v Traver*, 502 Mich 23, 40-41; 917 NW2d 260 (2018).

affirmatively require oral instructions." Our court rules were subsequently amended to effectuate *Traver*'s edict, so, by the time of defendant's trial, there was no question that the trial court had to provide the final jury instructions orally.

Despite this, defendant's trial counsel did not object after the trial court failed to orally instruct the jury on the presumption of innocence, burden of proof, reasonable doubt, and the elements of the offenses during final instructions.[10] Because we are already remanding for an evidentiary hearing with respect to counsel's (purported) failure to request an instruction for AWIGBH, we also remand for an evidentiary hearing on this issue.[11]

For the reasons explained in this opinion, we remand for an evidentiary hearing on defendant's claims that his trial counsel was ineffective when he failed to request an instruction for AWIGBH or object when the trial court failed to orally instruct the jury on certain final jury instructions.

Remanded. We retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney
/s/ Randy J. Wallace

---

[10] The trial court did read these instructions to the jury earlier when it provided written instructions to the jury, and, during closing, the court directed jurors to the written instructions they were previously given, and in so doing explicitly referred to the presumption of innocence, reasonable doubt, circumstantial evidence, and the burden of proof.

[11] Defendant also raises a cumulative-error argument which we need not address at this time in light of our decision to remand for an evidentiary hearing.

# Court of Appeals, State of Michigan

# ORDER

PEOPLE OF MI V JAMES LAWRENCE LEWIS

Docket No.    369283

LC No.        23-001369-FC

Colleen A. O'Brien
Presiding Judge

Kathleen A. Feeney

Randy J. Wallace
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, this case is remanded to the trial court for an evidentiary hearing on defendant's claims that his trial counsel was ineffective when he failed to request an instruction for AWIGBH or object when the trial court failed to orally instruct the jury on certain final jury instructions. The proceedings on remand are limited to these issues.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

_Colleen A. O'Brien_
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_April 13, 2026_
Date

_Jerome W. Zimmer Jr._
Chief Clerk